IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE GOOGLE DIGITAL ADVERTISING ANTITRUST LITIGATION | Case No. 1:21-md-3010 (PKC) |
| *This Document relates to:* | |
| IN RE GOOGLE DIGITAL PUBLISHER LITIGATION | Case No. 1:21-cv-7034 (PKC) |

**PUBLISHER CLASS PLAINTIFFS' MEMORANDUM OF LAW
IN SUPPORT OF MOTION FOR LEAVE TO AMEND
THEIR CONSOLIDATED CLASS ACTION COMPLAINT**

**TABLE OF CONTENTS**

**PAGE**

I. Introduction .................................................................................................. 1

II. Procedural History ....................................................................................... 4

III. Plaintiffs' Proposed Amendments ................................................................ 5

    A. Plaintiffs' Tying Claims .................................................................... 6

    B. Other Non-Conforming Amendments .............................................. 8

    C. Other Conforming Amendments ....................................................... 9

IV. Legal Standard ............................................................................................ 10

V. Argument .................................................................................................... 11

VI. Conclusion .................................................................................................. 13

i

Plaintiffs Genius Media Group, Inc. (n/k/a MediaLab AI, Inc.),[1] Sterling International Consulting Group, The Nation Company, L.P., The Progressive, Inc., JLaSalle Enterprises LLC, and Mikula Web Solutions, Inc. (collectively, "Plaintiffs" or "Putative Publisher Class Plaintiffs"), respectfully move pursuant to Fed. R. Civ. P. 15(a)(2) and Pretrial Order No. 2 (MDL 3010 ECF No. 309; hereinafter cited as "PTO No. 2"), for an Order permitting them to amend their operative complaint. As directed by the Court in Pretrial Order No. 2, Plaintiffs have attached to the Declaration of Philip Korologos in support of their Motion a proposed version of their First Amended Consolidated Class Action Complaint (the "Proposed Amended Complaint"), as well as a redline version reflecting the changes to the text from Plaintiffs' Consolidated Class Action Complaint filed in the Northern District of California on April 5, 2021 (the "Redlined Amended Complaint").[2]

## I.   Introduction

Plaintiffs are publishers who operate websites and seek to sell space on their own websites to advertisers for the placement of digital display ads. Plaintiffs seek relief for themselves and two proposed Classes: (1) a class of publishers in the United States that sold ad impressions through Google's Ad Exchange; and (2) a class of publishers in the United States that sold ad impressions through Google's Ad Network. Plaintiffs allege that, as a direct result of Google's scheme of anticompetitive conduct, publisher class members have suffered antitrust

---

[1] Plaintiff Genius Media Group, Inc. was acquired in 2021 by MediaLab AI, Inc.

[2] Pretrial Order No. 2 directed Plaintiffs to submit a redline by comparing their Proposed Amended Complaint with the previous version of Plaintiffs' complaint. In the Proposed Amended Complaint, Plaintiffs have made numerous formatting edits to (a) comply with the Southern District of New York's Local Rules and (b) remove formatting specific to the rules of the Northern District of California. To facilitate review of the substantive changes in the Proposed Amended Complaint through the Redlined Amended Complaint, Plaintiffs have excluded from the redline all formatting changes made, as well as the changes that have been made to the case caption, document title, and signature blocks.

injury and damage in the form of Google's artificially inflated take rates (fees) on ad impressions sold and ads placed, respectively. In addition, publishers have suffered antitrust injury from reduced revenue from artificially suppressed bids. More specifically, Plaintiffs and members of the Classes have directly paid Google artificially inflated take rates, and directly received from Google artificially suppressed revenues for publishers' sale of ad impressions.

Pretrial Order No. 2 distinguishes between two types of proposed amendments. First, the Order discusses "Conforming Amendments," which include amendments either to (a) add claims or allegations pertaining to anticompetitive conduct that survived the Court's September 13, 2022, Order on the motion to dismiss the State Attorneys' General's Third Amended Complaint (MDL 3010 ECF No. 308; hereinafter the "MTD Decision"), ECF No. 308, (b) remove claims or allegations that did not survive per the Court's MTD Decision or (c) amendments to allegations of individual harm to plaintiffs, allegations specific to the named plaintiffs, the class definitions, the state law claims, and the damages and relief sought. (PTO No. 2 at ¶ 2.) Second, the Court afforded Plaintiffs the opportunity to propose additional amendments ("Non-Conforming Amendments") with an accompanying Motion for Leave to Amend. (*Id.* at ¶ 3.) Plaintiffs' Proposed Amended Complaint proposes Conforming Amendments and Non-Conforming Amendments as defined by Pretrial Order No. 2. Plaintiffs, thus, submit this Motion for Leave to Amend.

Plaintiffs' proposed Non-Conforming Amendments fall into three categories.

First, Plaintiffs have asserted one set of factual allegations similar to those that the Court held that the States had not plausibly alleged to be anticompetitive conduct in its MTD Decision (at 40-44), but which Plaintiffs allege in a different context and assert forms the basis of a different claim than the State Attorneys' General in their Third Amended Complaint ("States'

2

TAC") had asserted. Such a claim, as Plaintiffs have alleged it here, should survive any motion to dismiss that Google may file. Specifically, Plaintiffs allege that Google encrypted publishers' User IDs as part of Google's tying of Google's Ad Server (the tying product) to Google's Ad Exchange (the tied product)—a *claim* the States did not assert in the States' TAC and which was thus not considered by the Court in its MTD Decision as a result. *See, e.g.*, Proposed Amended Compl. at Secs. IV.A.1 & IV.A.3. While the Court held that the States' allegations concerning encryption of User IDs amounted to a so-called "refusal to deal" that did not violate the antitrust laws, MTD Decision at 40-44, Plaintiffs' proposed amendments make clear that Google's conduct was part of its effort to illegally tie its Ad Server to its Ad Exchange. Plaintiffs' allegations concerning such tie in the Proposed Amended Complaint, including the encryption of User ID allegations, meet the standard for pleading an illegal tie established by the Court in the MTD Decision. *See id.* at 16-20, 77.

Second, Plaintiffs have restated allegations that Plaintiffs had asserted in Plaintiffs' operative complaint on which the Court has not had the opportunity to rule because the State Attorneys' General did not include them in the States' TAC. *See generally*, Proposed Amended Compl. Secs. IV.A & IV.C.3. For clarity, Plaintiffs' claims in their operative complaint were not merely a subset of the State Attorneys' General's claims, but rather Plaintiffs have consistently maintained at least some unique claims and theories on behalf of their publisher clients and the classes they seek to represent. For example, Plaintiffs' Proposed Amended Complaint contains refinements of their allegations concerning Ad Networks (in the alleged Ad Network market).[3]

---

[3] Plaintiffs define the Ad Network market and Google's monopoly power in that market in Sections III.A.1.c-d and III.B.3 of the Proposed Amended Complaint, respectively. Plaintiffs allege anticompetitive conduct relating to the Ad Network market, *inter alia*, in Sections IV.A.3-4, IV.C.1, and IV.C.3.

3

Plaintiffs have updated their tying claims relating to the Ad Network market in the Proposed Amended Complaint, whereas the State Attorneys' General did not discuss Ad Networks at all in the States' TAC. Publisher Class Plaintiffs maintain that their operative complaint is sufficient to prevail over a motion to dismiss on these claims and allegations. However, over the nearly 18 months since Plaintiffs filed their operative complaint, Plaintiffs have had the opportunity to review documents, bolster their allegations, and refine their theories. As a result, significant portions of the Proposed Amended Complaint merely refine allegations already pled in Plaintiffs' operative complaint on matters and claims regarding which the Court has yet to rule. Should Google move to dismiss those claims, the Court would need to consider the allegations and claims irrespective of whether it grants leave to amend (given that earlier iterations of those claims are in the operative complaint). Thus, it is appropriate to permit Plaintiffs to use their best allegations to set their pleading to resist any such motion—which Proposed Amended Complaint has had the benefit of being informed by the opportunity to review Google's document productions to date.

Third, Plaintiffs have asserted an entirely new course of conduct, described below, as part of Google's alleged anticompetitive conduct that was not addressed in either Plaintiffs' operative complaint or the States' TAC, but that Plaintiffs discovered over the past 18 months during a review of Google's document productions. *See* Proposed Amended Complaint at Sec. IV.C.1.

## II. Procedural History

Between December 15, 2020, and February 2, 2021, Publisher Class Plaintiffs collectively filed complaints in four separate actions.[4] The court in the Northern District of

---

[4] Former Plaintiff Genius Media Group, Inc., and Plaintiffs the Progressive, and the Nation filed, No. 5:20-cv-9092 (N.D. Cal.). Plaintiffs Sterling International, JLaSalle, and

California subsequently consolidated those actions. *See* No. 5:20-cv-4130, ECF No. 20 (N.D. Cal. Feb. 9, 2021). Following the Court's Order consolidating the publisher class actions, Plaintiffs filed a consolidated class action complaint on April 5, 2021. *See* No. 5:20-cv-4130, ECF No. 64 (N.D. Cal. Apr. 5, 2021). That consolidated class action complaint is the operative complaint pending resolution of this motion.

On July 31, 2021, Google produced a set of approximately 133,000 documents to Plaintiffs. Following the formation of this MDL, and at the direction of this Court, Google has produced additional productions including approximately 885,000 documents in January 2022, and nearly 1.38 million documents in March 2022. Plaintiffs have been diligently reviewing these productions and, through such efforts, have both refined Plaintiffs' allegations from the April 5, 2021, complaint and added new allegations relating to previously unknown conduct.

### III.     **Plaintiffs' Proposed Amendments**

Plaintiffs seek to include both Conforming and Non-Conforming Amendments in the Proposed Amended Complaint. Included within Non-Conforming Amendments are amendments to allegations concerning claims, markets, or conduct that was not raised in the States' TAC as well as allegations concerning claims that the Court dismissed from the States' TAC, but which Plaintiffs present differently from the States, and thus allege in a framework the Court has yet to consider. In addition to the foregoing, Plaintiffs removed Plaintiffs' claim for attempted monopolization. Plaintiffs summarize the amendments as follows:

---

Mikula each filed separate complaints in the Northern District of California at Nos. 5:20-cv-3556, 5:21-cv-748, and 5:21-cv-810, respectively.

### A. Plaintiffs' Tying Claims

In Plaintiffs' operative Consolidated Class Action Complaint, Plaintiffs have alleged that Google engaged in two sets of two-way ties (four total ties) that coerced publishers to sell impressions through Google's Ad Exchange and/or Ad Network using Google's Ad Server products. *See* Plaintiffs' Memorandum in Opposition to Motion to Dismiss Consolidated Class Action Complaint, ECF No. 92, No. 5:20-cv-8984, at 2 (N.D. Cal. July 23, 2021) ("The Complaint alleges a series of mutually reinforcing anticompetitive ties, designed to drive market share to Google's Ad Intermediaries [*i.e.*, Ad Exchange and Ad Network] while also reinforcing its Ad Server monopoly."); *id.* at 14-15 (describing the ties and their legal support); *see also, e.g.*, Consolidated Amended Complaint, ECF No. 64, No. 5:20-cv-8984, ¶¶9-11, 15, 62, 64, 70, 72-73, 88-122, 126, 130-34, 171, 173-75, 179-91 (N.D. Cal. Apr. 5, 2021) (setting forth the allegations on which Plaintiffs relied in opposing Google's motion to dismiss the Consolidated Class Action Complaint).

In Publisher Class Plaintiffs' Proposed Amended Complaint, Plaintiffs continue to assert these four ties as summarized in Table 1:

**Table 1**
**The Illegal Ties in Google's Scheme of Anticompetitive Conduct**

| | Acts | Period | Market Used | Market Affected | MTD Decision Page Reference |
|---|---|---|---|---|---|
| 1 | Tying AdX (tying product) to DFP (tied product) | 2009-present | Ad Exchange | Ad Server | Conforming to pages 16-20, 77-78 |
| 2 | Tying DFP (tying product) to AdX (tied product) | 2009-present | Ad Server | Ad Exchange | Non-Conforming |
| 3 | Tying Google Display Network (tying product) to AdSense/DFP (tied products) | 2009-present | Ad Network | Ad Server | Non-Conforming |
| 4 | Tying AdSense/DFP (tying products) to Google Display Network (tied product) | 2009-present | Ad Server | Ad Network | Non-Conforming |

6

In its Order on Google's Motion to Dismiss the States' TAC's tying allegations, the Court considered one of these alleged ties: that Google coerced publishers who wanted to sell ad impressions through Google's Ad Exchange (the tying product) to license Google's Ad Server (the tied product) (Act 1 in Table 1). MTD Decision, at 40-44. Plaintiffs have alleged that tie, which the Court found to be sufficient, and continue to assert the three other ties (Act 2 to Act 4) in the Proposed Amended Complaint. *See* Proposed Amended Compl. at Sec. IV.A. Although Plaintiffs need not amend to continue to assert these claims because they are present in Plaintiffs' operative complaint, Plaintiffs offer the Proposed Amended Complaint's new allegations because they refine and clarify Plaintiffs' claims and are consistent with the allegations in the States' TAC that the Court upheld (in the case of Act 1). Because these other ties were not addressed in the Court's Order (in part because the States' TAC did not include allegations relating to Ad Networks and thus did not address Act 3 or Act 4 at all or tying Google's Ad Server to its Ad Exchange (Act 2)), these amendments are "Non-Conforming."

Further, the ties described in Act 2 and Act 4 include as part of their predicate conduct allegations that the Court has dismissed, specifically relating to Google's practice of encrypting User IDs. *See* Proposed Amended Compl. at Secs. IV.A.1 & IV.A.3. The States' TAC described this conduct as anticompetitive generally resulting in the Court analyzing the conduct as a refusal to deal. However, the Court did not consider whether Google's encryption of User IDs can, with other allegations included in the Proposed Amended Complaint, form the basis of a tying claim.

Moreover, Plaintiffs include additional allegations concerning User IDs. For example, the Proposed Amended Complaint explains how Google's encrypting User IDs degrades the Ad Server's ability to provide a core Ad Server function (optimizing revenues for publishers), and

thus, consumers of Google's Ad Server—*i.e.*, publishers—would not prefer an Ad Server that encrypts User IDs. *See, e.g.*, Proposed Amended Compl. ¶¶ 209-25.

### B. Other Non-Conforming Amendments

Plaintiffs' Proposed Amended Complaint also includes three additional elements of conduct that were not adjudicated in the Court's MTD Order, and thus allegations concerning such conduct are appropriately considered "Non-Conforming Amendments." Plaintiffs summarize those elements in Table 3:

**Table 2**
**Portions of Google's Scheme of Anticompetitive Conduct Not Yet Addressed by the Court**

|    | Acts                  | Period        | Market Used        | Markets Affected              |
|----|-----------------------|---------------|--------------------|-------------------------------|
| 14 | Search+ and Variations| 2013-present  | Search advertising | Ad Server, Ad Network         |
| 15 | Minimum Bid to Win    | 2018-present  | Ad Server          | Ad Exchange, Ad Buying Tools  |
| 16 | Malicious Code        | 2016-present  | Ad Server          | Ad Network                    |

These three elements of conduct fall into three separate buckets. First, Act 14 (Search+ and Variations), Proposed Amended Compl. at Sec.IV.C.1, which concerns Google's alleged use of monopoly power in a market for online search advertising to impair competition in the Ad Server and Ad Network markets is a new allegation that was not presented either in the States' TAC or Plaintiffs' original Consolidated Class Action Complaint. Second, Act 15 (Minimum Bid to Win), Proposed Amended Compl. at Sec. IV.C.2, was mentioned in the Court's MTD Decision, but the Court only described it as an "other strateg[y] in 2019 to disadvantage publishers and advantage Google's exchange," without ruling on whether such strategy was sufficiently alleged to be anticompetitive or exclusionary. MTD Decision, at 23. Third, Act 16 (Malicious Code), Proposed Amended Compl. at Sec. IV.C.3, which concerns Google's practice of preventing Google's publisher Ad Server clients from selling ad impressions through rival Ad

Networks under the guise of policing malicious code, is alleged in Plaintiffs' operative Complaint but was not an allegation in the States' TAC. Thus, the Court has yet to consider the allegations for Act 16.

The Proposed Amended Complaint thus adds allegations concerning Act 14 and Act 15, and refines the allegations concerning Act 16.

### C. Other Conforming Amendments

Plaintiffs have also included amendments that either clarify or otherwise bring Plaintiffs' prior allegations in line with the Court's Order denying Google's Motion to Dismiss, including revisions or supplements to the definitions of the relevant and adjacent markets,[5] or that add allegations as to conduct the Court upheld in that Order. Those elements of conduct are summarized in Table 2.

**Table 3**
**Portions of Google's Scheme of Anticompetitive Conduct on Which the Court Has Allowed Discovery (Conforming Amendments)**

|    | Act | Period | Market Used | Markets Affected | MTD Decision Page Reference |
|----|-----|--------|-------------|------------------|-----------------------------|
| 5  | Dynamic Allocation | 2010-2013 | Ad Server | Ad Exchange | Conforming to pp. 44-48 |
| 6  | Enhanced Dynamic Allocation | 2014-present | Ad Server | Ad Exchange | Conforming to pp. 48-50 |
| 7  | Bernanke Versions | 2013-present | Ad Exchange | Ad Exchange, Ad Buying Tools | Conforming to pp. 50-55 |
| 8  | Dynamic Revenue Share | 2015-19 | Ad Server | Ad Exchange, Ad Network | Conforming to pp. 55-57 |
| 9  | Line-Item Limit | 2018-present | Ad Server | Ad Exchange | Conforming to pp. 66-68 |
| 10 | Redacting Exchange Info | 2018-present | Ad Server | Ad Exchange, Ad Network, | Conforming to pp. 66-68 |
| 11 | Project Poirot | 2018-present | Ad Buying Tools | Ad Buying Tools, Ad Exchange | Conforming to pp. 68-70 |

---

[5] Plaintiffs' revisions to the relevant and adjacent markets in the Proposed Amended Complaint (Sec. III) are conforming to pages 5 to 13 of the MTD Decision.

9

| 12 | Project Elmo | 2018-present | Ad Buying Tools | Ad Buying Tools, Ad Exchange | Conforming to pp. 68-70 |
|----|--------------|--------------|-----------------|------------------------------|--------------------------|
| 13 | Uniform Price Floors | 2019-present | Ad Server | Ad Exchange, Ad Buying Tools | Conforming to pp. 74-77 |

The Court addressed each of these acts in its Order on Google's Motion to Dismiss and Plaintiffs drafted the corresponding allegations in the Proposed Amended Complaint to conform to the Court's Order. *See* Proposed Amended Compl. at Sec. IV.B.

In addition, Plaintiffs have removed allegations of conduct that the Court dismissed in its Order denying Google's Motion to Dismiss, namely those allegations Plaintiffs had previously proffered concerning Google's Exchange Bidding (later known as Open Bidding), including the "tax" on non-Google Ad Exchanges. *See, e.g.*, Consolidated Amended Complaint, ECF No. 64, No. 5:20-cv-8984, ¶¶117-22 (N.D. Cal. Apr. 5, 2021).

## IV. Legal Standard

Federal Rule of Civil Procedure 15(a) governs amended pleadings and provides that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). As the Supreme Court noted in *Foman v. Davis*:

> Rule 15(a) declares that leave to amend "shall be freely given when justice so requires"; this mandate is to be heeded. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."

371 U.S. 178, 182 (1962). As set forth in *Foman*, absent (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies in previously permitted amendments, (4) undue prejudice to the defendant, or (5) futility, leave to amend should be freely given. To the extent

the defendant argues futility, the burden is on the non-moving party to establish that the proposed amendments are futile. *See, e.g., Ithaca Cap. Invs.s I S.A. v. Trump Panama Hotel Mgmt. LLC*, 450 F. Supp. 3d 358, 377 (S.D.N.Y. 2020).

## V. Argument

Plaintiffs' proposed Conforming[6] and Non-Conforming Amendments should be permitted as there has been no undue delay, Plaintiffs have no bad faith or dilatory motive, Google can claim no undue prejudice, and this is Plaintiffs' first amendment to the consolidated complaint that Plaintiffs filed nearly 18 months ago. In the interim, Plaintiffs have learned a great deal from Google's document productions and have developed these amended allegations based on Plaintiffs' review of these productions and the guidance provided by the Court's MTD Decision. Further, each claim based on the allegations in the Proposed Amended Complaint is supported by law and thus such amendments are not futile.

The Proposed Amended Complaint would not cause any undue delay, nor do Plaintiffs exercise bad faith or dilatory motives by submitting these amendments. Indeed, Plaintiffs have followed the Court's schedule and procedure for submitting their Proposed Amended Complaint.

Many of the matters alleged (*e.g.*, the ties set forth in Act 2 to Act 4, and Act 16) are part of Plaintiffs' operative complaint but have not been considered by the Court yet. To the extent Google challenges such allegations by a Rule 12 motion, Google would have that right with or

---

[6] Plaintiffs' proposed Conforming Amendments (Act 1 and Act 5 to Act 13, and allegations relating to the Relevant Markets and Adjacent Relevant Markets, Proposed Amended Complaint at Section IV.A-B and Section III, respectively) are consistent with the States' TAC's allegations and should be permitted because the Court has already adjudicated whether such allegations are sufficiently pled at the motion to dismiss stage. These Conforming Amendments would not cause any undue delay (because they have been adjudicated), are not asserted in bad faith or with a dilatory motive, present no deficiencies, and do not prejudice Defendants in any way.

11

without allowing Plaintiffs' proposed amendments. Thus, there would be no additional delay occasioned by allowing Plaintiffs to pursue those amendments.

As to Act 14 to Act 16, these are new allegations that the Court has yet to review, and in the case of Act 14 and Act 15, Plaintiffs were unaware of such conduct prior to receiving Google's document productions to date. No undue delay would result from allowing these amendments.

Google can claim no prejudice from allowing these amendments. Google still has the ability to challenge the allegations by a Rule 12 motion if the amendments are allowed.

Further, Plaintiffs' proposed amendments are not futile for multiple reasons. First, each of Plaintiffs' Conforming Amendments (amendments relating to Act 1 and Act 5 through Act 13) are not futile because the Court has already ruled that these allegations are sufficient at this stage of the case.

Second, as to the Non-Conforming Amendments, nearly all of the proposed amendments pertain to claims and allegations that were not part of the States' TAC and thus were not considered. In fact, only one of the Non-Conforming Amendments involves allegations that the Court has considered and rejected; and in that case (User IDs), Plaintiffs' proposed inclusion of those allegations in the Proposed Amended Complaint is only *part* of a course of conduct (the ties constituting Act 2 and Act 4) that, as a whole, fits within the Court's MTD Decision's articulation of a viable tying claim. MTD Decision at 16-20, 77. And only one other element of conduct (Act 14) concerns conduct that is not already part of Plaintiffs' operative complaint. That Act 14 meets the standards of exclusionary conduct set out in the Court's MTD Decision.

Finally, while Defendants may well argue that all or some of the proposed amendments are "futile"—not so—given that Defendants will also likely file a Rule 12 motion concerning

12

Plaintiffs' complaint irrespective of whether leave to amend is granted, the most efficient course would be to consider Defendants' arguments on the sufficiency of any claims Defendants challenge on that Rule 12 motion rather than here. *See, e.g.*, *Paladino v. Seals-Nevergold*, 2019 WL 1283830, at *3 (D. Vt. Mar. 20, 2019) (granting leave to file an amended complaint because "full briefing on defendants' arguments" through Rule 12 motions "is the best course of action"). This is particularly true where, as here, the Proposed Amended Complaint alleges an anticompetitive scheme with synergistic effects. Considering individual amendments of allegations would inappropriately "tightly compartmentaliz[e] the various factual components" of Plaintiffs' claims without considering potential synergistic effects with other conduct alleged. *See, e.g., Valassis Commc'ns Inc. v. New Corp.*, 2019 WL 802093, at *9 (S.D.N.Y. Feb. 21, 2019). Thus, Plaintiffs' proposed amendments should be considered in the context of the whole Proposed Amended Complaint and not dissected and considered individually, wiping the slate clean after consideration of each, prior to full consideration on a motion to dismiss.

## VI. Conclusion

Plaintiffs respectfully request that the Court grant leave to file the Proposed Amended Complaint.

Dated: October 5, 2022             Respectfully submitted,

                                   BOIES SCHILLER FLEXNER LLP

                                   By: */s/ Philip Korologos*

                                   David Boies
                                   dboies@bsfllp.com
                                   BOIES SCHILLER FLEXNER LLP
                                   333 Main Street
                                   Armonk, NY 10504
                                   Tel.: (914) 749-8200 / Fax: (914) 749-8300

                                   *Lead Counsel for the Publisher Class*

Philip C. Korologos
pkorologos@bsfllp.com
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards, 20th Floor
New York, NY 10001
Tel.: (212) 446-2300 / Fax: (212) 446-2350

Mark C. Mao*
mmao@bsfllp.com
BOIES SCHILLER FLEXNER LLP
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6820 / Fax: (415) 293-6899

James Denvir**
jpanuccio@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, NW
Washington, DC 20005
Tel.: (202) 895-7580 / Fax: (202) 237-6131

Sabria A. McElroy**
smcelroy@bsfllp.com
BOIES SCHILLER FLEXNER LLP
401 E. Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Tel.: (954) 377 4216 / Fax: (954) 356-0022


KOREIN TILLERY LLC

By: /S/ George A. Zelcs_____
George A. Zelcs*
gzelcs@koreintillery.com
Marc A. Wallenstein*
mwallenstein@koreintillery.com
Randall P. Ewing*
rewing@koreintillery.com
Ryan A. Cortazar*
rcortazar@koreintillery.com
KOREIN TILLERY LLC
205 North Michigan Avenue, Suite 1950
Chicago, IL 60601
Tel.: (312) 641-9750 / Fax: (312) 641-9751

14

Stephen M. Tillery*
stillery@koreintillery.com
Michael E. Klenov
mklenov@koreintillery.com
Carol L. O'Keefe
cokeefe@koreintillery.com
KOREIN TILLERY LLC
505 North 7th Street, Suite 3600
St. Louis, MO 63101
Tel.: (314) 241-4844 / Fax: (314) 241-3525

*Counsel for Genius Media Group, Inc. (k/n/a MediaLab AI, Inc.), The Nation Company, L.P., and The Progressive, Inc. and Co-Lead Counsel for the Publisher Class*


`                BERGER MONTAGUE PC

By: */s/ Eric L. Cramer*
Eric L. Cramer*
ecramer@bm.net
Michael C. Dell'Angelo*
mdellangelo@bm.net
Caitlin G. Coslett*
ccoslett@bm.net
Patrick F. Madden*
pmadden@bm.net
Michaela Wallin
mwallin@bm.net
BERGER MONTAGUE PC
1818 Market St., Suite 3600
Philadelphia, PA 19103
Tel.: (215) 875-3000 / Fax: (215) 875-4604

Sophia M. Rios*
srios@bm.net
BERGER MONTAGUE PC
401 B Street, Suite 2000
San Diego, CA 92101
Tel.: (619) 489-0300 / Fax: (215) 875-4604

Robert E. Litan*
rlitan@bm.net
Daniel J. Walker
dwalker@bm.net
BERGER MONTAGUE PC
2001 Pennsylvania Ave., NW
Suite 300
Washington DC 20006
Tel.: (202) 559-9745

Michael K. Yarnoff*
myarnoff@kehoelawfirm.com
KEHOE LAW FIRM, P.C.
Two Penn Center Plaza
1500 JFK Blvd., Suite 1020
Philadelphia, PA 19102
Telephone: (215) 792-6676

*Counsel for Sterling International Consulting Group and Co-Lead Counsel for the Publisher Class*

\*      *Pro Hac Vice*
\*\*    *Pro Hac Vice pending or to be filed imminently*