# BSF BOIES SCHILLER FLEXNER

Philip C. Korologos
pkorologos@bsfllp.com
(t) 212 446 2390

*[handwritten: The court will allow the service of the 8 interrogatories appearing as Exhibit A to ECF 776. SO ORDERED. 5-3-24]*

May 2, 2024

**Via ECF**
Hon. P. Kevin Castel
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

*In re Google Digital Advertising Antitrust Litigation*
Case No. 1:21-md-03010 (PKC)

*In re Google Digital Publisher Antitrust Litigation*
Case No. 1:21-cv-07034 (PKC)

Dear Judge Castel:

I write on behalf of the Publisher Class Plaintiffs ("Publishers") to seek leave, as contemplated by Pre-Trial Order No. 3 and Pre-Trial Order No. 5, to serve case-specific contention interrogatories related to Google's affirmative defenses asserted in Defendants' Answer in *In re Google Digital Publisher Antitrust Litigation*, No. 21-cv-7034 (PKC) (S.D.N.Y.) ("Publisher Action"). Google has indicated that it would object to service of any contention interrogatories absent leave of Court. No conference is scheduled in this action.

Pre-Trial Order No. 3 ("PTO-3) provides for "a common set of Rule 34 requests and [a] common set of interrogatories consistent with Local Civil Rule 33.3(a)" to be drafted and served by the Discovery Steering Committee. ECF 311. It also provides that "any plaintiff may apply to the court for leave to serve a supplemental discovery request that complies with Rule 26 and is non-duplicative of the requests served by the Discovery Steering Committee." *Id.*

Pre-Trial Order No. 5 ("PTO-5") further provides that "No Interrogatories shall be served except in compliance with Local Rule 33.3(a) without first obtaining leave of Court."

Since those Pre-Trial Orders were issued, Google filed its Answer in the Publisher Action including twenty affirmative defenses. *See* ECF 740. Many of Google's purported defenses contain factual contentions, and Publisher Plaintiffs are entitled to ascertain during discovery the facts on which Google intends to rely to prove up these defenses as well as whether the documents or data Google intends to use to put forward these defenses are within its existing productions.

For example, Google contends that its "conduct alleged by Plaintiffs in the Complaint was lawful, justified, procompetitive, and carried out in Google's legitimate business interests and constitutes bona fide competitive activity, the benefits of which significantly outweigh any alleged anticompetitive effects." *Id.* at 67 (Fifth Defense). Publisher Class Plaintiffs are entitled