

May 2, 2025

**VIA ECF**
Hon. P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

*Provisionally granted*
*SO ORDERED*
*/s/ PKC USDJ 5-6-25*

*In re Google Digital Advertising Antitrust Litigation*
Case No. 1:21-md-03010 (PKC)

*In re Google Digital Publisher Antitrust Litigation*
Case No. 1:21-cv-07034 (PKC)

Dear Judge Castel:

I write on behalf of the Publisher Class Plaintiffs ("Publisher Plaintiffs") in the above-referenced matters to seek leave to file preliminarily under seal an unredacted version of the Publisher Plaintiffs' Memorandum of Law in support of Plaintiffs' Motion for Class Certification and certain exhibits to the Declaration of Izaak Earnhardt ("Earnhardt Declaration") filed contemporaneously therewith. These exhibits and portions of the brief contain or reference material that Defendant Google has designated as Confidential or Highly Confidential, and material which one of the named Publisher Plaintiffs has designated Confidential or Highly Confidential. Accordingly, Publisher Plaintiffs respectfully submit that good cause exists to file preliminarily under seal the unredacted version of the Publisher Plaintiffs' Memorandum of Law in support of Plaintiffs' Motion for Class Certification and certain exhibits to the Earnhardt Declaration. No conference is scheduled.

Because it would have been unduly burdensome to provide Google with seven days' notice of the precise portion of the material that Publisher Plaintiffs seek to use, Publisher Plaintiffs have discussed in good faith a reasonable extension of the deadline with Google. *See* ECF 685 ¶21. Google has agreed to extend the deadline and to meet and confer with Publisher Plaintiffs regarding the filing of motion for sealing, if any, within a reasonable period of time. Publisher Plaintiffs take no position on Google's confidentiality designations at this time.

Exhibits Nos. 1-3, 5-6 and 8-9 are expert reports prepared by expert witnesses for Publisher Plaintiffs which extensively analyze, quote, or summarize documents and data that Google has designated as Confidential or Highly Confidential under the protective order in this litigation. Exhibits Nos. 4 and 7 are transcripts of depositions of Plaintiffs' experts which contain or refer to material that Google has designated as Confidential or Highly Confidential. Exhibit No. 10 is an expert report prepared by an expert witness for Google, which it has designated Highly Confidential under the protective order in this litigation, and Exhibit No. 11 is the transcript of the deposition of that expert, substantial parts of which Google has designated Confidential or Highly Confidential.

Hon. P. Kevin Castel
May 2, 2025
Page 2 of 2

Exhibits Nos. 16-17, 22-25, 27-28, 30-32, 34-36, 38, 43-44, 49-57, and 59-60 are documents that Google produced in this litigation and designated as Highly Confidential. Exhibits Nos. 20-21, 37, 39, 42 and 61 are documents that Google produced in this litigation and designated as Confidential. Exhibits Nos. 18-19, 26, 29, 40, 41, and 62 are transcripts of depositions of Google witnesses, of which Google has designated substantial portions Confidential or Highly Confidential, such that they would not be practicable to redact.

Exhibit No. 46 is a transcript of the deposition of a former employee of named Publisher Plaintiff Genius Media Group Inc. (n/k/a MediaLab.AI Inc.). Substantial portions of this transcript, such that they would be impracticable to redact, have been designated as Confidential and Highly Confidential because they reflect non-public financial information or user metrics and/or competitively sensitive business information. For that reason, Publisher Plaintiffs submit that good cause exists for this document to be filed under and to remain under seal.

Pursuant to this Court's Individual Practices ¶5.B, Publisher Plaintiffs are filing proposed sealed documents electronically through the Court's ECF system. Publisher Plaintiffs are also filing a redacted version of the Memorandum of Law in support of Motion for Class Certification publicly on the docket. Publisher Plaintiffs respectfully request that the Court defer ruling on this motion for at least one week to permit the parties to meet and confer and for Google to file a motion for sealing, if any.

We appreciate the Court's consideration in this matter.

Respectfully submitted,

/s/ *Philip C. Korologos*
Philip C. Korologos
BOIES SCHILLER FLEXNER LLP

Copies to: All Counsel of Record (via ECF)