UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **IN RE GOOGLE DIGITAL ADVERTISING ANTITRUST LITIGATION** | **No. 1:21-MD-3010 (PKC)** |

*This Document Relates To:*

| | |
|---|---|
| **IN RE GOOGLE DIGITAL PUBLISHER LITIGATION** | **No. 1:21-cv-7034 (PKC)** |

### DEFENDANTS GOOGLE LLC, ALPHABET INC., AND YOUTUBE, LLC'S ANSWER TO PUBLISHER PLAINTIFFS' SECOND AMENDED COMPLAINT

Defendants Google LLC, Alphabet Inc., and YouTube, LLC (together, "Google") answer the Complaint of Publisher Class Plaintiffs ("Plaintiffs"), through undersigned counsel as set forth below. Google generally denies the legal claims asserted in Plaintiffs' September 29, 2025 Complaint, ECF No. 1192 (the "Complaint"). Ad tech (the technology that powers digital advertising on publishers' sites) is an important part of a healthy web. Google's investments and innovations in this space help publishers fund their work, make it easy for large and small businesses to reach consumers, and support the proliferation of creative and diverse content. Google's products foster competition for the benefit of publishers, advertisers, and consumers.

## RESPONSE TO NUMBERED PARAGRAPHS

Except to the extent specifically admitted herein, Google denies each and every allegation contained in the Complaint, including all allegations contained in headings or otherwise not contained in one of the Complaint's 426 numbered paragraphs. Google generally denies the legal claims asserted in the Complaint and responds to the Complaint's numbered paragraphs as follows. The section headings in the Complaint do not require a response. To the extent that the section headings contain allegations requiring a response, Google denies all such allegations.

1. As to the third sentence of Paragraph 1 of the Complaint, Google admits its 2021 advertising-related revenues exceeded $209 billion. Google denies the allegations in Paragraph 1 in all other respects.

2. Google denies the allegations in Paragraph 2 of the Complaint.

3. Google denies the allegations in Paragraph 3 of the Complaint.

4. As to the second sentence of Paragraph 4 of the Complaint, Google admits that Google owns and operates Ad Exchanges and Ad Networks. Google further admits that it bids on various ad exchanges on behalf of advertisers. Google denies the allegations in Paragraph 4 in all other respects.

5. Google denies the allegations in Paragraph 5 of the Complaint.

6. As to the first sentence of Paragraph 6 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations. Google admits that when a viewer or user of a webpage loads and views the page, she provides the publisher with the opportunity to populate that page with

advertising.  Google denies the allegations of Paragraph 6 of the Complaint in all other respects.

7.     Google denies the allegations in the first sentence in Paragraph 7 of the Complaint.  Google admits that an ad server may route a publisher's available impressions to exchanges along with information about the impression and that an ad exchange may include information about the impression with its bid requests to advertiser buying tools.  Google admits that an ad exchange may hold an auction to determine the winning bidder.  Google admits that ad networks are used by a variety of advertisers and publishers to facilitate the purchase and sale of digital advertising.  Google denies the allegations of Paragraph 7 of the Complaint in all other respects.

8.     Google denies the allegations in Paragraph 8 of the Complaint.

9.     Google understands Paragraph 9 to have been dismissed as to Plaintiffs' Search+ claims.  ECF No. 701 at 39-43; ECF No. 773 at 1.  To the extent Paragraph 9 nonetheless still requires an answer relevant to Plaintiffs' remaining claims, Google denies the allegations in Paragraph 9 of the Complaint.

10.    Google denies the allegations in Paragraph 10 of the Complaint.

11.    Google denies the allegations in Paragraph 11 of the Complaint.

12.    Google admits the existence of FTC's public statement containing the quoted language, to which statement Google refers the Court for a complete and accurate statement of its contents.  Google further admits that the FTC approved its acquisition of DoubleClick. Google denies the allegations in Paragraph 12 in all other respects.

13.    Google admits in December 2020, 16 state attorneys general and the attorney general for the Commonwealth of Puerto Rico filed suit with respect to display advertising; and following multiple rounds of amendments to the States' complaint, culminating in the Third

Amended Complaint filed on January 14, 2022, Google moved to dismiss the States' Complaint. Google denies the allegations in Paragraph 13 in all other respects.

14.     Paragraph 14 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google denies the allegations in Paragraph 14.

15.     Table 1 purports to show "two pairs of illegal ties that form part of the illegal Scheme alleged herein," to which no response is required.  To the extent a response to Table 1 is deemed necessary, Google denies that Table 1 presents a fair, accurate, and complete description of the matters described therein and, on that basis, denies the allegations contained in Table 1 of Paragraph 15.  Google denies the allegations in Paragraph 15 in all other respects.

16.     Google denies the allegations in Paragraph 16 of the Complaint.

17.     Google denies the allegations in Paragraph 17 of the Complaint.

18.     Google denies the allegations in Paragraph 18 of the Complaint.

19.     Google denies the allegations in Paragraph 19 of the Complaint.

20.     Table 2 purports to show "numbered elements of Google's Scheme, identifying the specific market in which Google exercises its monopoly power, the market at which the conduct is targeted, and the time periods involved, for the acts on which this Court specifically denied Google's motion to dismiss," to which no response is required.  To the extent a response to Table 2 is deemed necessary, Google denies that Table 2 presents a fair, accurate, and complete description of the matters described therein and, on that basis, denies the allegations contained in Table 2 of Paragraph 20.  Google denies the allegations in Paragraph 20 in all other respects.

21.     Google admits that its publisher ad server originally known as DoubleClick for Publishers included a feature known as "dynamic allocation" that was designed to compare

real-time bids received through Google's ad exchange with a publisher's estimate of its yield from other channels, so as to maximize the publisher's revenue. Google denies the allegations in Paragraph 21 in all other respects.

22.    Google admits that Google Ad Manager implemented a feature originally known as Enhanced Dynamic Allocation. Google denies all other allegations in Paragraph 22.

23.    Google admits the existence of an auction feature called Project Bernanke, but denies the allegations in Paragraph 23 in all other respects.

24.    Google admits that it supported a feature called Dynamic Revenue Share that allowed it to dynamically adjust the revenue share retained by Google. Google denies the allegations in Paragraph 24 in all other respects.

25.    Google admits the existence of a technology known as "header bidding." Google further admits that publishers, including those using Google Ad Manager, can implement header bidding by inserting code into the HTML header of their webpages and that header bidding can enable bid requests to multiple exchanges and other demand sources, with the bid selected by the header bidding code then being passed back to the publisher's ad server. Google admits that since well before header bidding became popular, DoubleClick for Publishers (and now Google Ad Manager) has limited the total number of line items that a publisher can create to ensure the efficient operation of the ad server. Google denies the allegations in Paragraph 25 in all other respects.

26.    Google denies the allegations in Paragraph 26 of the Complaint.

27.    Google admits the existence of a project known as Project Poirot. Google denies the allegations in Paragraph 27 in all other respects.

28.    Google admits the existence of a project known as Project Elmo. Google denies

the allegations in Paragraph 28 in all other respects.

29.    Google admits that, as a result of a simplification of Google Ad Manager's pricing rules functionality released in 2019, publishers can no longer set different price floors for different exchanges or buyers participating in Google Ad Manager's unified auction.  Google denies the allegations in Paragraph 29 in all other respects.

30.    Table 3 purports to show additional elements of the "Scheme" alleged by publishers but not in the States' Complaint, to which no response is required.  To the extent a response to Table 3 is deemed necessary, Google denies that Table 3 presents a fair, accurate, and complete description of the matters described therein and, on that basis, denies the allegations contained in Table 3 of Paragraph 30.  Google denies the allegations in Paragraph 30 in all other respects.

31.    Google understands Paragraph 31 to have been dismissed as to Plaintiffs' Search+ claims.  ECF No. 701 at 39-43; ECF No. 773 at 1.  To the extent a response is deemed necessary, Google denies the allegations in Paragraph 31 of the Complaint.

32.    Google admits to the existence of a program called "minimum bid to win."  Google denies the allegations in Paragraph 32 in all other respects

33.    Google understands Paragraph 33 to have been dismissed as to Plaintiffs' "problematic code" claims.  ECF No. 701 at 37-39; ECF No. 773 at 1.  To the extent a response is required, Google denies the allegations in Paragraph 33 of the Complaint.

34.    Google denies the allegations in Paragraph 34 of the Complaint.

35.    Google admits the existence of documents containing the quoted language, to which documents Google refers the Court for a complete and accurate statement of their contents.  Google denies the allegations in Paragraph 35 in all other respects.

36.     Google admits the existence of a technology known as "header bidding." To the extent the allegations in Paragraph 36 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. As to the fourth sentence of Paragraph 36 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations. Google denies the allegations in Paragraph 36 in all other respects.

37.     Google admits that publishers, including those using Google Ad Manager, can implement header bidding by inserting code into the HTML header of their webpages and that header bidding can enable bid requests to multiple exchanges and other demand sources, with the bid selected by the header bidding code then being passed back to the publisher's ad server. To the extent the allegations in Paragraph 37 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Google denies the allegations in Paragraph 37 in all other respects.

38.     Google admits that it developed a feature known as Exchange Bidding to permit non-Google exchanges to bid into auctions in Google Ad Manager. Google admits that Exchange Bidding was later renamed Open Bidding. Google denies the allegations in Paragraph 38 in all other respects.

39.     Google denies the allegations in Paragraph 39 of the Complaint.

40.     Google denies the allegations in Paragraph 40 of the Complaint.

41.     Paragraph 41 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Google denies the allegations in Paragraph 41.

42.     As to the second and third sentences of Paragraph 42 of the Complaint, Google admits that the United States Department of Justice filed a civil antitrust lawsuit; and the existence of antitrust-related penalties levied on Google by the European Commission, France, India, and Russia.  Google denies the allegations in Paragraph 42 in all other respects.

43.     Google denies the allegations in Paragraph 43 of the Complaint.

44.     Paragraph 44 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google lacks sufficient knowledge to admit or deny the relief Plaintiffs are seeking and on whose behalf.  Google denies the allegations in Paragraph 44 in all other respects.

45.     Paragraph 45 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google lacks sufficient knowledge to admit or deny the relief Plaintiffs are seeking and on whose behalf.  Google denies the allegations in Paragraph 45 in all other respects.

46.     As to the first, second, and third, and fourth sentences of Paragraph 46 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  Google denies the allegations in Paragraph 46 in all other respects.

47.     As to the first, second, and third sentences of Paragraph 47 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  Google denies the allegations in Paragraph 47 in all other respects.

48.     As to the first, second, and third sentences of Paragraph 48 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the

allegations and on that basis denies those allegations.  Google denies the allegations in Paragraph 48 in all other respects.

49.    As to the first, second, and third sentences of Paragraph 49 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  Google denies the allegations in Paragraph 49 in all other respects.

50.    As to the first, second, and third sentences of Paragraph 50 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  Google denies the allegations in Paragraph 50 in all other respects.

51.    Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first, second, and third sentences of Paragraph 51 and on that basis denies those allegations.   Google denies the allegations in Paragraph 51 in all other respects.

52.    Google admits it is a Delaware limited liability company with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043.  Defendant Google is a wholly owned and controlled subsidiary of XXVI Holding Inc., which is a subsidiary of Defendant Alphabet.  Google further admits Google has owned and operated YouTube since 2006.  Google denies the allegations in Paragraph 52 in all other respects.

53.    Google admits that Alphabet Inc. is a Delaware corporation with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043; Defendant Google is a wholly owned and controlled subsidiary of XXVI Holding Inc., which is a subsidiary of Defendant Alphabet; Alphabet is traded on the NASDAQ under the symbol "GOOGL" and is

included in the S&P 100 Index.  To the extent the allegations in Paragraph 53 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 53 in all other respects.

54.    To the extent the allegations in Paragraph 54 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google admits that YouTube is a Delaware limited liability company with its principal place of business at 901 Cherry Avenue, San Bruno, California 94066.  Google admits that Defendant YouTube is a wholly owned and controlled subsidiary of Google, a wholly-owned and controlled subsidiary of XXVI Holding Inc., which is a subsidiary of Defendant Alphabet.  Google denies the allegations in Paragraph 54 in all other respects.

55.    To the extent the allegations in Paragraph 55 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google admits that Sundar Pichai is the CEO of Google and Alphabet.  Google further admits Google has owned and operated YouTube since 2006.  Google denies the allegations in Paragraph 55 in all other respects.

56.    Google admits all three Defendants engage in interstate commerce and provide ad tech services to publishers in the United States and in other countries; publishers use Google's ad tech services to sell space on their websites to advertisers.  Google denies the allegations in Paragraph 56 in all other respects.

57.    Paragraph 57 contains legal conclusions to which no response is required, to the extent a response is deemed necessary, Google does not dispute that the Complaint purports to be

brought pursuant to Sections 1, 2 and 15 of the Sherman Act, 15 U.S.C. §§ 1, 2, 15 and Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15 & 26.

58.     Paragraph 58 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google does not dispute federal subject matter jurisdiction.

59.     Paragraph 59 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google does not dispute personal jurisdiction in this matter.

60.     Paragraph 60 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google does not dispute venue in this matter.

61.     Paragraph 61 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google denies the allegations in Paragraph 61.

62.     Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 62 and on that basis denies those allegations.

63.     Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 63 and on that basis denies those allegations.

64.     Google denies the allegations in Paragraph 64 of the Complaint.

65.     Google admits that digital advertising can take several forms.  Google denies the allegations in Paragraph 65 in all other respects.

66.     Google admits online advertising involves the use of the Internet as a medium to obtain website traffic and target and deliver marketing messages; and that the decision of which ad is served/shown is often made in real time.  Google otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 66 and on that

basis denies those allegations.

67.    Google understands Paragraph 67 to have been dismissed as to Plaintiffs' Search+ claim.  ECF No. 701 at 39-43; ECF No. 773 at 1.  To the extent Paragraph 67 nonetheless still requires an answer relevant to Plaintiffs' remaining claims, Google denies the allegations in Paragraph 67 of the Complaint.

68.    Google understands Paragraph 68 to have been dismissed as to Plaintiffs' Search+ claim.  ECF No. 701 at 39-43; ECF No. 773 at 1.  To the extent Paragraph 68 nonetheless still requires an answer relevant to Plaintiffs' remaining claims, as to the first sentence of Paragraph 68 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  Google admits that on its search engine platform, search ads can appear at the top of the first page of results from a keyword search; and that Google sells advertising opportunities on Google Play and Google Maps.  Google denies the allegations in Paragraph 68 in all other respects.

69.    Google understands Paragraph 69 to have been dismissed as to Plaintiffs' Search+ claim.  ECF No. 701 at 39-43; ECF No. 773 at 1.  To the extent Paragraph 69 nonetheless still requires an answer relevant to Plaintiffs' remaining claims, Google denies the allegations in Paragraph 69 of the Complaint, Google denies the allegations in Paragraph 69 of the Complaint.

70.    Google understands Paragraph 70 to have been dismissed as to Plaintiffs' Search+ claim.  ECF No. 701 at 39-43; ECF No. 773 at 1.  To the extent Paragraph 70 nonetheless still requires an answer relevant to Plaintiffs' remaining claims, Google admits buying and selling display ads can involve real time bidding; and online display advertising campaigns can be run through various pieces of advertising technology.  Google denies the allegations in Paragraph 70 in all other respects.

71.    Google understands Paragraph 71 to have been dismissed as to Plaintiffs' Search+ claim.  ECF No. 701 at 39-43; ECF No. 773 at 1.  To the extent Paragraph 71 nonetheless still requires an answer relevant to Plaintiffs' remaining claims, Google denies the allegations in Paragraph 71 of the Complaint.

72.    Google understands Paragraph 72 to have been dismissed as to Plaintiffs' Search+ claim.  ECF No. 701 at 39-43; ECF No. 773 at 1.  To the extent Paragraph 72 nonetheless still requires an answer relevant to Plaintiffs' remaining claims, Google denies the allegations in Paragraph 72 of the Complaint.

73.    Google understands Paragraph 73 to have been dismissed as to Plaintiffs' Search+ claim.  ECF No. 701 at 39-43; ECF No. 773 at 1.  To the extent Paragraph 73 nonetheless still requires an answer relevant to Plaintiffs' remaining claims, Google denies the allegations in Paragraph 73 of the Complaint.

74.    Google admits publishers can sell their ad inventory to advertisers directly through their marketing departments or indirectly through programmatic ad auctions.  As to the second sentence of Paragraph 74 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  Google denies the allegations in Paragraph 74 in all other respects.

75.    Google admits that a single display ad shown to a single user on a single occasion can be referred to as an impression.  Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 75 and on that basis denies those allegations.

76.    Google admits digital display advertising may be sold on the basis of impressions, clicks, or other actions.  Google denies the allegations in Paragraph 76 in all other respects.

77.    Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 77 and on that basis denies those allegations.

78.    Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 78 and on that basis denies those allegations.

79.    Google admits that it retains a percentage of the clearing price of transactions on its ad exchange that varies based on a number of factors including publisher and transaction type. Google admits that its publisher customers pay fees for the use of Google's products and services in some circumstances.  Google otherwise denies the allegations in Paragraph 79.

80.    As to the fifth sentence in Paragraph 80 of the Complaint, Google admits that the publisher ad server can be referred to as a "sell-side" tool.  Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the other allegations in Paragraph 80 and on that basis denies those allegations in all other respects.

81.    Google admits that it designed Open Bidding to solve many of the problems associated with header bidding.  Google admits that it typically retains a revenue share for transactions matched through Open Bidding as consideration for the value provided by Google's service.  Google admits that publishers typically received payments for Open Bidding-won transactions from Google instead of a third-party exchange.  Google denies the allegations in Paragraph 81 in all other respects.

82.    Google admits that it retains a percentage of the clearing price of transactions on its ad exchange that varies based on a number of factors including publisher and transaction type. Google denies the allegations in Paragraph 82 in all other respects.

83.    Google admits that publishers can use ad servers to make ad impressions available for sale.  Google further admits that  publisher ad servers generally are responsible for selecting,

in accordance with the publisher's preferences, the ads or ad providers for a particular impression; and that publisher ad servers perform a number of functions to enable them to select appropriate advertising for each impression. Google denies the allegations in Paragraph 83 in all other respects.

84.     Google admits Ad Exchanges are platforms that match buyers and sellers of ad inventory on an impression-by-impression basis. Google further admits Ad Exchanges may match buyers and sellers using virtually instantaneous auctions. Google otherwise denies the allegations in Paragraph 84.

85.     Google admits that some ad exchanges receive a portion of the price reached by the buyer and seller. Google otherwise denies the allegations in Paragraph 85.

86.     Google admits that some publishers may use an Ad Network to facilitate sales of their inventory of impressions and that price is one dimension on which Ad Networks and Ad Exchanges may compete. Google otherwise denies the allegations in Paragraph 86.

87.     Figure 1 purports to show the publisher's view of the Ad Tech Stack, to which no response is required. To the extent a response to Figure 1 is deemed necessary, Google denies that Figure 1 presents a fair, accurate, and complete description of the matters described therein and, on that basis, denies the allegations contained in Figure 1 of Paragraph 87.

88.     Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first through fourth sentences of Paragraph 88 and on that basis denies those allegations. Google otherwise denies the allegations in Paragraph 88.

89.     Google denies the allegations in Paragraph 89 of the Complaint.

90.     Google understands Paragraph 90 to have been dismissed as to Plaintiffs' Search+ claim. ECF No. 701 at 39-43; ECF No. 773 at 1. To the extent a response is required, Google

denies the allegations in Paragraph 90 of the Complaint.

91.    Google admits that ads are chosen and shown to users via a sequence of events, typically completed in less than a second.  As to the second sentence of Paragraph 91 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  Google denies the allegations in Paragraph 91 in all other respects.

92.    Google admits that publisher ad servers perform a number of functions to enable them to select appropriate advertising for each page impression.  Google admits that an ad server may route a publisher's available impressions to exchanges along with information about the impression, including the user ID, the parameters of the ad slot, and any rules about pricing.  Google admits that an ad exchange may include information about the impression and how long bidders have to respond with their bid response.  Google admits that ad servers generally are responsible for selecting, in accordance with the publisher's preferences, the ads or ad providers for a particular page impression.  Google denies the allegations in Paragraph 92 in all other respects.

93.    Google admits that, since its founding in 1998, it has acquired more than 227 companies, and that Google has spent over $27 billion on these acquisitions.  Google denies the allegations in Paragraph 93 in all other respects.

94.    Google admits that it completed its acquisition of DoubleClick in 2008.  To the extent the allegations in Paragraph 94 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 94 in all other respects.

95.     Google admits that the FTC approved Google's acquisition of DoubleClick in December 2007.  Google notes that the FTC's documents speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 94 in all other respects.

96.     To the extent the allegations in Paragraph 96 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 96 in all other respects.

97.     Google admits that it acquired AdMob for $750 million in November 2009; and AdMeld in 2011.  Google denies the allegations in Paragraph 97 in all other respects.

98.     Google denies the allegations in Paragraph 98 of the Complaint.

99.     Google denies the allegations in Paragraph 99 of the Complaint.

100.    To the extent the allegations in Paragraph 100 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 100 in all other respects.

101.    Google denies the allegations of Paragraph 101 of the Complaint.

102.    As to the first sentence of Paragraph 102 of the Complaint, Google admits that it completed its acquisition of DoubleClick in 2008.  Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the rest of Paragraph 102, and on that basis denies those allegations.  Google denies the allegations of Paragraph 102 in all other respects.

103.    As to allegations surrounding market share, Google lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 103 and on that basis denies those allegations. Google denies the allegations of Paragraph 103 in all other respects.

104. Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 104 and on that basis denies those allegations.

105. Google understands Paragraph 105 to have been dismissed as to Plaintiffs' Search+ claim. ECF No. 701 at 39-43; ECF No. 773 at 1. The allegations in Paragraph 105 of the Complaint are also premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial. To the extent a response is required, Google admits that Google Ads and Display and Video 360 are Google tools. Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 105 and on that basis denies those allegations. Google denies the allegations of Paragraph 105 in all other respects.

106. Figure 2 purports to show estimated market share at each level of the "Ad Tech Stack," to which no response is required. To the extent a response to Figure 2 is deemed necessary, Google denies that Figure 2 presents a fair, accurate, and complete description of the matters described therein and, on that basis, denies the allegations contained in Figure 2 of Paragraph 106. Google denies the allegations of Paragraph 106 in all other respects.

107. Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 107 and on that basis denies those allegations.

108. Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 108 and on that basis denies those allegations.

109. As to the fourth sentence of Paragraph 109 of the Complaint, Google lacks

knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations. Google denies the allegations in Paragraph 109 in all other respects.

110.    The allegations in Paragraph 110 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial. To the extent a response is required, Google admits that it provides display advertising tools to publishers and advertisers. Google denies the allegations in Paragraph 110 in all other respects.

111.    The allegations in Paragraph 111 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial. To the extent a response is required, Google admits that some of its ad tech products allow advertisers to buy both open web display advertising on third-party websites as well as advertising on Google's owned-and-operated properties. Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first, second, and fourth sentences of Paragraph 111 and on that basis denies those allegations.

112.    The allegations in Paragraph 112 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial. To the extent a response is required, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 112 and on that basis denies those allegations.

113.    The allegations in Paragraph 113 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial. To the extent a response is required, Google admits that publisher ad servers can help publishers manage their online display advertising inventory, including but not limited to image-based graphical ads alongside web content and that many publisher ad servers provide, to varying degrees and in

varying ways, the listed features.  Google denies the allegations in Paragraph 113 in all other respects.

114.    The allegations in Paragraph 114 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits that publishers may purchase ad server services from providers.  Google denies the allegations in Paragraph 114 in all other respects.

115.    The allegations in Paragraph 115 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 115 and on that basis denies those allegations.

116.    The allegations in Paragraph 116 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits that ad exchanges match buyers and sellers of display ads on an impression-by-impression basis in real time, typically through an auction mechanism.  Google denies the allegations in Paragraph 116 in all other respects.

117.    The allegations in Paragraph 117 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, as to the first sentence of Paragraph 117 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  Google denies the allegations in Paragraph 117 in all other respects.

118.    The allegations in Paragraph 118 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a

response is required, as to the second and third sentence of Paragraph 118 of the Complaint, Google admits that publishers can sell their inventory to advertisers directly and that "direct" sales are those in which a publisher sells its ad inventory directly to advertisers; and that such direct sales can include sales through the publisher's internal sales team.  As to the fifth sentence of Paragraph 118 of the Complaint, Google further admits that indirect sales can occur through "ad exchanges."  As to the first and fourth sentence of Paragraph 118 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  Google denies the allegations in Paragraph 118 in all other respects.

119.    The allegations in Paragraph 119 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 119 and on that basis denies those allegations.

120.    The allegations in Paragraph 120 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits that different ad exchanges, publisher ad servers, ad networks, and ad buying tools may have different features and pricing.  Google denies the allegations in Paragraph 120 in all other respects.

121.    The allegations in Paragraph 121 of the Complaint are premised on Plaintiffs' proposed market definitions, which are legal conclusions not subject to admission or denial.  To the extent a response is required, Google admits that it may be appropriate to assess market shares within the United States, but denies that ad servers, ad exchanges, or ad networks are relevant antitrust markets.  Google denies the allegations in Paragraph 121 in all other respects.

122.    The allegations in Paragraph 122 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits that the revenue shares that it charges on AdX and AdSense transactions and the margin that it earns on Google Ads transactions are not predicated on the location of the publishers, advertisers, or users involved in the impression and that it calculates profits and losses for some purposes on a worldwide basis.  Google denies that ad servers, ad exchanges, or ad networks are relevant antitrust markets.  Google also denies the allegations in Paragraph 122 in all other respects.

123.    Google admits that, while they were in effect, the core functionality of Dynamic Allocation and Dynamic Revenue Share did not depend on the publisher's location.  Google denies the allegations in Paragraph 123 of the Complaint in all other respects.

124.    The allegations in Paragraph 124 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits that it may be appropriate to assess market shares within the United States, but denies that ad servers, ad exchanges, or ad networks are relevant antitrust markets.  As to the fourth, fifth, and sixth sentences of Paragraph 124, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  Google denies the allegations in Paragraph 124 in all other respects. .

125.    The allegations in Paragraph 125 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, as to the second sentence of Paragraph 125 of the Complaint, Google admits that some online ads are bought and sold under one second.  Google denies the

allegations in Paragraph 125 in all other respects.

126.    The allegations in Paragraph 126 of the Complaint are legal conclusions not subject to admission or denial.  To the extent a response is required, Google admits that it may be appropriate to assess market shares within the United States, but denies the allegations in Paragraph 126 in all other respects.

127.    The allegations in Paragraph 127 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits that it helps publishers sell ad inventory and offers tools that advertisers can use to purchase ad impressions.  Google denies the allegations in Paragraph 127 in all other respects.

128.    The allegations in Paragraph 128 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits that some ad buying tools let advertisers set parameters about their purchasing preferences, such as the types of users they wish to reach and the maximum bids they are willing to submit and pay for particular types of display inventory. Google denies the allegations in Paragraph 128 in all other respects.

129.    The allegations in Paragraph 129 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits that advertisers of all types and sizes use automated tools to bid on and purchase ad inventory, including inventory sold on ad exchanges and ad networks; and that advertisers use buying tools to achieve their advertising goals.  Google denies the allegations in Paragraph 129 in all other respects.

130.    The allegations in Paragraph 130 of the Complaint are premised on Plaintiffs'

proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits that different buying tools have different features and requirements suitable to different users.  Google denies the allegations in Paragraph 130 in all other respects.

131.    The allegations in Paragraph 131 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits that some advertisers outsource their ad purchasing to ad agencies.  Google otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 131 and on that basis denies those allegations. Google denies the allegations in Paragraph 131 in all other respects.

132.    The allegations in Paragraph 132 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits that buying tools charge different prices, in part due to differences in their features.  Google denies the allegations in Paragraph 132 in all other respects.

133.    The allegations in Paragraph 133 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, and to the extent the allegations in Paragraph 133 quote, characterize, or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 133 in all other respects.

134.    The allegations in Paragraph 134 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google denies the allegations in Paragraph 134 of the Complaint.

135.    The allegations in Paragraph 135 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google denies the allegations in Paragraph 135 of the Complaint.

136.    The allegations in Paragraph 136 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google denies the allegations in Paragraph 136 of the Complaint.

137.    The allegations in Paragraph 137 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, and to the extent the allegations in Paragraph 137 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 137 in all other respects.

138.    The allegations in Paragraph 138 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, as to the first sentence of Paragraph 138 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  As to the second sentence of Paragraph 138 of the Complaint, Google admits that some ad buying tools let advertisers set parameters about their purchasing preferences, such as the types of users they want to reach and the maximum bids they are willing to submit for various types of display ad inventory.  Google further admits that some ad buying tools use the advertiser's configurations to automatically bid on ad space in exchanges and networks.  Google denies the allegations in Paragraph 138 in all other respects.

139.    The allegations in Paragraph 139 of the Complaint are premised on Plaintiffs'

proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google denies the allegations in Paragraph 139 of the Complaint.

140.    The allegations in Paragraph 140 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits that Google Ads does not impose a minimum spending requirement on advertisers.  Google denies the allegations in Paragraph 140 in all other respects.

141.    The allegations in Paragraph 141 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google denies the allegations in Paragraph 141 of the Complaint.

142.    The allegations in Paragraph 142 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, and to the extent the allegations in Paragraph 142 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 142 in all other respects.

143.    The allegations in Paragraph 143 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google denies the allegations in Paragraph 143 of the Complaint.

144.    The allegations in Paragraph 144 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits that, in 2020, Google Ads had thousands of customers with average monthly spend on web display inventory of less than $250.  Google denies the allegations in Paragraph 144 in all other respects.

145.    Google admits that different ad exchanges and ad networks provide different types of interfaces for advertisers, including for the purchase of inventory.  Google denies the allegations in Paragraph 145 in all other respects.

146.    Google denies the allegations in Paragraph 146 of the Complaint.

147.    Google denies the allegations in Paragraph 147 of the Complaint.

148.    As to the second and third sentence of Paragraph 148 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  Google denies the allegations in Paragraph 148 in all other respects.

149.    Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 149 and on that basis denies those allegations.

150.    The allegations in Paragraph 150 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, as to the second and third sentence of Paragraph 150 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  Google denies the allegations in Paragraph 150 in all other respects.

151.    Google admits that laws and regulations concerning competition, user privacy, and deceptive trade practices can vary from country to country.  Google denies the allegations in Paragraph 151 in all other respects.

152.    Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 152 and on that basis denies those allegations.

153.    Google denies the allegations in Paragraph 153 of the Complaint.

154.    Google denies the allegations in Paragraph 154 of the Complaint.

155.    Google understands Paragraph 155 to have been dismissed as to Plaintiffs' Search+ claim.  ECF No. 701 at 39-43; ECF No. 773 at 1.  The allegations in Paragraph 155 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.   To the extent a response is required, Google denies the allegations in Paragraph 155 of the Complaint.

156.    Google understands Paragraph 156 to have been dismissed as to Plaintiffs' Search+ claim.  ECF No. 701 at 39-43; ECF No. 773 at 1.  To the extent Paragraph 154 requires a response, Google denies the allegations in Paragraph 156 of the Complaint.

157.    Google understands Paragraph 157 to have been dismissed as to Plaintiffs' Search+ claim.  ECF No. 701 at 39-43; ECF No. 773 at 1.  To the extent Paragraph 157 requires a response, Google admits the existence of a document containing the quoted language, to which document Google refers the Court for a complete and accurate statement of its contents.  Google denies the allegations in Paragraph 157 of the Complaint.

158.    Google understands Paragraph 158 to have been dismissed as to Plaintiffs' Search+ claim.  ECF No. 701 at 39-43; ECF No. 773 at 1.  To the extent Paragraph 158 requires a response, Google denies the allegations in Paragraph 158 of the Complaint.

159.    Google understands Paragraph 159 to have been dismissed as to Plaintiffs' Search+ claim.  ECF No. 701 at 39-43; ECF No. 773 at 1.  To the extent Paragraph 159 requires a response, Google denies the allegations in Paragraph 159 of the Complaint.

160.    As to the second sentence of Paragraph 160 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.   To the extent the allegations in Paragraph 160

characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google otherwise denies the allegations in Paragraph 160 in all other respects.

161.    Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 161 and on that basis denies those allegations.  To the extent the allegations in Paragraph 161 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google otherwise denies the allegations in Paragraph 161 in all other respects.

162.    Google admits that the existence of competition from other publisher ad servers was among the arguments Google presented to the FTC in connection with its proposed acquisition of DoubleClick.  As to the third and fourth sentences of Paragraph 162 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  Google denies the allegations in Paragraph 162 in all other respects.

163.    Google admits that Xandr, among many others, operates an ad exchange with which Google competes.  Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 163 and on that basis denies those allegations.  Google denies the allegations in Paragraph 163 in all other respects.

164.    Google admits that many publishers, large and small, use Google's ad networks and/or Google's ad server.  Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 164 and on that basis denies those allegations.  Google denies the allegations in Paragraph 164 in all other respects.

165.    Google denies the allegations in Paragraph 165 of the Complaint.

166.    Google denies the allegations in Paragraph 166 of the Complaint.

167.    Google denies the allegations in Paragraph 167 of the Complaint.

168.    Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 168 and on that basis denies those allegations.  To the extent the allegations in Paragraph 168 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 168 in all other respects.

169.    Google admits the existence of a document containing the quoted language, to which document Google refers the Court for a complete and accurate statement of its contents. Google denies the allegations in Paragraph 169 in all other respects.

170.    As to the first and second sentences of Paragraph 170 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  As to the final sentence in Paragraph 170, to the extent these allegations characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 170 in all other respects.

171.    As to the first sentence of Paragraph 171 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.   To the extent the allegations in Paragraph 171 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google

denies the allegations in Paragraph 171 in all other respects.

172.    Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 172 and on that basis denies those allegations.  To the extent the allegations in Paragraph 172 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 172 in all other respects.

173.    Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 173 and on that basis denies those allegations.  To the extent the allegations in Paragraph 173 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 173 in all other respects.

174.    To the extent the allegations in Paragraph 174 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 174 in all other respects.

175.    Google denies the first sentence of Paragraph 175.  As to the second sentence of Paragraph 175 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations. Google admits the existence of documents containing the quoted language, to which documents Google refers the Court for a complete and accurate statement of their contents.  Google admits that Google's revenue share varies across transaction types and customers, and that it may not

have declined for all customers.  Google denies the allegations in Paragraph 175 in all other respects.

176.    As to the first sentence of Paragraph 176 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.   To the extent the allegations in Paragraph 176 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 176 in all other respects.

177.    Google admits the existence of a document containing the quoted language, to which document Google refers the Court for a complete and accurate statement of its contents. Google denies the allegations in Paragraph 177 in all other respects.

178.    To the extent the allegations in Paragraph 178 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 178 in all other respects.

179.    Google denies the allegations in Paragraph 179 of the Complaint.

180.    To the extent the allegations in Paragraph 180 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.   Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 180 and on that basis denies those allegations.  Google denies the allegations in Paragraph 180 in all other respects.

181.    As to the first, second, and third sentence of Paragraph 181 of the Complaint,

Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations. Google admits that a publisher that does not qualify for participation in Ad Exchanges could not sell their impressions to the Facebook Audience Network through Google's Open Bidding program. Google denies the allegations in Paragraph 181 in all other respects.

182. To the extent the allegations in Paragraph 182 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Google denies the allegations in Paragraph 182 in all other respects.

183. As to the last sentence of Paragraph 183 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations. Google admits that there may be some costs in replacing one publisher ad server with another for the same webpage. Google denies the allegations of Paragraph 183 in all other respects.

184. Google denies the allegations in Paragraph 184 of the Complaint.

185. Google denies the allegations in Paragraph 185 of the Complaint.

186. Google admits that it acquired Invite Media in 2010. Google admits that Display & Video 360 is derived in part from its acquisition of Invite Media and was formerly known as DoubleClick Bid Manager. Google denies the allegations in Paragraph 186 in all other respects.

187. To the extent the allegations in Paragraph 187 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 187

and on that basis denies those allegations.   Google otherwise denies the allegations in Paragraph 187 in all other respects.

188.    Google denies the allegations in Paragraph 188 of the Complaint.

189.    Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 189 and on that basis denies those allegations.   Google otherwise denies the allegations in Paragraph 189 in all other respects.

190.    Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 190 and on that basis denies those allegations.   To the extent the last sentence in Paragraph 190 characterizes or describes documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.   Google otherwise denies the allegations in Paragraph 190 in all other respects.

191.    Google denies the allegations in the first sentence.   As to the second and third sentence of Paragraph 191 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.   To the extent the final sentence in Paragraph 191 characterizes or describes documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.   Google otherwise denies the allegations in Paragraph 191 in all other respects.

192.    Google admits that buying tools provide varying types of measurement functionality to assess audience reach.   Google otherwise denies the allegations in Paragraph 192 in all other respects.

193.    Google understands Paragraph 193 to have been dismissed as to Plaintiffs'

Search+ claim.  ECF No. 701 at 39-43; ECF No. 773 at 1.  To the extent the second sentence in Paragraph 193 characterizes or describes documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google otherwise denies the allegations in Paragraph 193 in all other respects.

194.    Google understands Paragraph 194 to have been dismissed as to Plaintiffs' Search+ claims.  ECF No. 701 at 39-43; ECF No. 773 at 1.  To the extent Paragraph 194 nonetheless still requires an answer relevant to Plaintiffs' remaining claims, Google admits that it sells the advertising impressions on Google's search engine.  Google further admits that advertisers can purchase impressions on Google's search engine through the use of third-party tools.  As to the second sentence of Paragraph 194 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  Google otherwise denies the allegations in Paragraph 194 in all other respects.

195.    Google understands Paragraph 195 to have been dismissed as to Plaintiffs' Search+ claim.  ECF No. 701 at 39-43; ECF No. 773 at 1.  To the extent Paragraph 195 nonetheless still requires an answer relevant to Plaintiffs' remaining claims, Google denies the allegations in Paragraph 195 of the Complaint.

196.    Google denies the allegations in Paragraph 196 of the Complaint.

197.    Paragraph 197 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google denies the allegations in Paragraph 197.

198.    Paragraph 198 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google denies the allegations in Paragraph 198.

199.    Google denies the allegations in Paragraph 199 of the Complaint.

200.     Google denies the allegations in Paragraph 200 of the Complaint.

201.     Google denies the allegations in Paragraph 201 of the Complaint.

202.     Google denies the allegations in Paragraph 202 of the Complaint.

203.     Google admits that it offers a publisher ad server previously known as DoubleClick for Publishers.  Google admits it operates an ad exchange, which previously was known as DoubleClick Ad Exchange or "AdX."  Google denies the allegations in Paragraph 203 in all other respects.

204.     Google admits that Google Ads was formerly known as AdWords.  To the extent the allegations in Paragraph 204 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  As to the second, fourth, and fifth sentences in Paragraph 204 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  Google denies the allegations in Paragraph 204 in all other respects.

205.     Google denies the allegations in Paragraph 205 of the Complaint.

206.     Google denies the allegations in Paragraph 206 of the Complaint.

207.     Google denies the allegations in Paragraph 207 of the Complaint.

208.     Google denies the allegations in Paragraph 208 of the Complaint.

209.     Google admits that it hashes or encrypts the identifiers it shares with third parties in connection with publishers' impressions.  Google denies the allegations of Paragraph 209 in all other respects.

210.     Google admits that ad impressions have different values, with some higher value than others.  Google denies the allegations of Paragraph 210 in all other respects.

211.    Google admits that an ad server may route a publisher's available impressions to exchanges along with information about the impression.  As to the second and third sentence of Paragraph 211 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations. Google denies the allegations in Paragraph 211 in all other respects.

212.    Google admits the existence of documents containing the quoted language, to which documents Google refers the Court for a complete and accurate statement of their contents.  Google denies the allegations in Paragraph 212 in all other respects.

213.    Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 213 and on that basis denies those allegations.  Google denies the allegations in Paragraph 213 in all other respects.

214.    Google admits that ad exchanges and ad networks perform a number of functions to enable them to select appropriate advertising for each page impression; that ad servers may receive browser cookies and that, depending on a user's settings, such cookies may subsequently be correlated with a profile; that browser cookies can be used to limit the number of times a user is shown a particular ad to avoid oversaturating the user; that cookies can be used as part of the process of measuring ad campaigns' effectiveness; and that some ad campaign models charge advertisers based on a specified user action.  Google denies the allegations in Paragraph 214 in all other respects.

215.    To the extent the allegations in Paragraph 215 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 215 in all other respects.

216.    Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 216 and on that basis denies those allegations.  Google denies the allegations in Paragraph 216 in all other respects.

217.    Google admits that the value of different ad inventory can differ and will depend on a variety of factors including the audience.  Google further admits that it hashes or encrypts the identifiers it shares with third parties in connection with publishers' impressions to ensure user privacy.  Google denies the allegations in Paragraph 217 in all other respects.

218.    To the extent the allegations in Paragraph 218 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 218 in all other respects.

219.    Google denies the allegations in Paragraph 219 of the Complaint.

220.    Google denies the allegations in Paragraph 220 of the Complaint.

221.    To the extent the allegations in Paragraph 221 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google otherwise denies the allegations in Paragraph 221 in all other respects.

222.    To the extent the allegations in Paragraph 222 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 222 in all other respects.

223.    To the extent the allegations in Paragraph 223 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any

characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 223 in all other respects.

224.    Google denies the allegations in Paragraph 224 of the Complaint.

225.    Google admits that the value of different ad inventory can differ and will depend on a variety of factors including the audience.  Google admits that it hashes or encrypts the identifiers it shares with third parties in connection with publishers' impressions to ensure user privacy.  Google denies the allegations in Paragraph 225 in all other respects.

226.    Google denies the allegations in Paragraph 226 of the Complaint.

227.    Google denies the allegations in Paragraph 227 of the Complaint.

228.    Google denies the allegations in Paragraph 228 of the Complaint.

229.    Google admits the existence of a document containing the quoted language, to which document Google refers the Court for a complete and accurate statement of its contents. Google denies the allegations in Paragraph 229 of the Complaint in all other respects.

230.    Google denies the allegations in Paragraph 230 of the Complaint.

231.    Google admits that it developed a feature known as Exchange Bidding to permit non-Google exchanges to bid into auctions in Google Ad Manager.  Google admits that Exchange Bidding was later renamed Open Bidding.  Google admits that it developed Open Bidding as a competitive alternative to header bidding.  Google admits that it formally launched Open Bidding in April 2018.  Google denies the allegations in Paragraph 231 in all other respects.

232.    Google denies the allegations in Paragraph 232 of the Complaint.

233.    Google denies the allegations in Paragraph 233 of the Complaint.

234.    Google denies the allegations in Paragraph 234 of the Complaint.

235.    Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 235 and on that basis denies those allegations.

236.    Google denies the allegations in Paragraph 236 of the Complaint.

237.    Google denies the allegations in Paragraph 237 of the Complaint.

238.    Google denies the allegations in Paragraph 238 of the Complaint.

239.    Google denies the allegations in Paragraph 239 of the Complaint.

240.    As to the second sentence of Paragraph 240 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  Google denies the allegations in Paragraph 240 in all other respects.

241.    Google admits that ad servers generally are responsible for selecting, in accordance with the publisher's preferences, the ads or ad providers for a particular page impression.  Google admits that ad networks are used by a variety of advertisers and publishers to facilitate the purchase and sale of digital advertising and that ad networks match ad inventory for publishers of different sizes with advertisers.  As to the sixth sentence of Paragraph 241 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  Google denies the allegations in Paragraph 241 in all other respects.

242.    Google denies the allegations in Paragraph 242 of the Complaint.

243.    Google denies the allegations in Paragraph 243 of the Complaint.

244.    To the extent the allegations in Paragraph 244 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.   As to the second and third

sentences of Paragraph 244 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  Google otherwise denies the allegations in Paragraph 244 in all other respects.

245.    Google restates its response to every allegation set forth above as if stated herein. Google denies the allegations in Paragraph 245 in all other respects.

246.    Google denies the allegations in Paragraph 246 of the Complaint.

247.    As to the first, second, third, fourth, and fifth sentence of Paragraph 247 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  Google denies the allegations in Paragraph 247 in all other respects.

248.    Google denies the allegations in Paragraph 248 of the Complaint.

249.    Google denies the allegations in Paragraph 249 of the Complaint.

250.    Google denies the allegations in Paragraph 250 of the Complaint.

251.    Google denies the allegations in Paragraph 251 of the Complaint.

252.    Paragraph 252 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google denies the allegations in Paragraph 252.

253.    Google denies the allegations in Paragraph 253 of the Complaint.

254.    As to the first sentence of Paragraph 254 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  Google denies the allegations in Paragraph 254 in all other respects.

255.    Google admits that there is an industry practice known as "waterfalling" that involves sequentially offering inventory to multiple exchanges, networks, or other sources of

demand.  Google denies the allegations in Paragraph 255 in all other respects.

256.    Google admits that there is an industry practice known as "waterfalling" that involves sequentially offering inventory to multiple exchanges, networks, or other sources of demand.  Google denies the allegations in Paragraph 256 in all other respects.

257.    Google admits that there is an industry practice known as "waterfalling" that involves sequentially offering inventory to multiple exchanges, networks, or other sources of demand.  Google denies the allegations in Paragraph 257 in all other respects.

258.    Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 258 and on that basis denies those allegations.  Google denies the allegations in Paragraph 258 in all other respects.

259.    Google denies the allegations in Paragraph 259 of the Complaint.

260.    Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 260 and on that basis denies those allegations.  Google denies the allegations in Paragraph 260 in all other respects.

261.    Google admits that there is an industry practice known as "waterfalling" that involves sequentially offering inventory to multiple exchanges, networks, or other sources of demand.  Google denies the allegations in Paragraph 261 in all other respects.

262.    Google denies the allegations in Paragraph 262 of the Complaint.

263.    Google denies the allegations in Paragraph 263 of the Complaint.

264.    Google admits that its publisher ad server included a feature known as "dynamic allocation" that was designed to compare real-time bids received through Google's ad exchange with a publisher's estimate of its yield from other channels, so as to maximize the publisher's revenue.  Google denies the allegations in Paragraph 264 in all other respects.

265.    Google admits that its publisher ad server included a feature known as "dynamic allocation" that was designed to compare real-time bids received through Google's ad exchange with a publisher's estimate of its yield from other channels, so as to maximize the publisher's revenue.  Google denies the allegations in Paragraph 265 in all other respects.

266.    Google admits that while dynamic allocation only supported the DoubleClick ad exchange (both before and after Google acquired DoubleClick), publishers could configure an estimated or contracted CPM for any other non-guaranteed demand source, including exchanges or networks, and that many publishers use and used an exchange's historical performance when determining the expected value to configure for that exchange for a particular ad impression. Google denies the allegations in Paragraph 266 in all other respects.

267.    Google denies the allegations in Paragraph 267 of the Complaint.

268.    As to the first sentence of Paragraph 268 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  Google denies the allegations in Paragraph 268 in all other respects.

269.    Google denies the allegations in Paragraph 269 of the Complaint.

270.    Google denies the allegations in Paragraph 270 of the Complaint.

271.    Google admits that Google Ad Manager implemented a feature originally known as Enhanced Dynamic Allocation and that Enhanced Dynamic Allocation permits non-guaranteed demand in Google Ad Manager (including both demand from Google's ad exchange and third-party exchanges) to compete simultaneously with guaranteed line items in Google Ad Manager when the revenue to be derived from the non-guaranteed option was higher than the opportunity cost of not serving the guaranteed line item (without risking the fulfillment

of the guarantee).  Google denies the allegations in Paragraph 271 in all other respects.

272.    Google denies the allegations in Paragraph 272 of the Complaint.

273.    Google admits that Enhanced Dynamic Allocation causes a non-guaranteed line item to win an impression only when the highest bid is greater than the floor price.  Google denies the allegations in Paragraph 273 in all other respects.

274.    Google denies the allegations in Paragraph 274 of the Complaint.

275.    Google admits the existence of documents containing the quoted language, to which documents Google refers the Court for a complete and accurate statement of their contents.  Google denies the allegations in Paragraph 275 in all other respects.

276.    Google denies the allegations in Paragraph 276 of the Complaint.

277.    Google denies the allegations in Paragraph 277 of the Complaint.

278.    Google denies the allegations in Paragraph 278 of the Complaint.

279.    Google admits the existence of an auction feature called Project Bernanke.  Google admits that Bernanke uses data about historical bids through Google Ads to adjust Google Ads' bids on certain auctions to increase its likelihood of winning impressions that would otherwise be won by other buying tools or go unfilled.  Google denies the allegations in Paragraph 279 in all other respects

280.    Google admits that, prior to late 2019, AdX operated as a second-price auction.  Google further admits that in a second-price auction the bidder with the highest price above the price floor wins and pays an amount equal to either the second-highest bid or the price floor.  As to the final sentence of Paragraph 280 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.Google denies the allegations in Paragraph 280 in all other respects.

281.    Google admits that in a second-price auction the bidder with the highest price above the price floor wins and pays an amount equal to either the second-highest bid or the price floor.  Google denies the allegations in Paragraph 281 in all other respects.

282.    Google admits that, prior to late 2019, AdX operated as a second-price auction. Google admits that its ad exchange changed from a second-price auction to a first-price auction. Google further admits that Project Bernanke is intended to increase advertisers' win rates in Google's ad exchange and that, like other aspects of buying tools' (both Google's and rivals') determination of bids for particular impressions, the details of Project Bernanke's operations are not disclosed to publishers, although publishers do have transparency into the final bids submitted by Google Ads and other buying tools/demand-side platforms.  As to the final sentence of Paragraph 282 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  Google denies the allegations in Paragraph 282 in all other respects.

283.    Google admits that an auction feature known as Project Bernanke uses data about historical bids through Google Ads to adjust Google Ads' bids on certain auctions to increase its likelihood of winning impressions that would otherwise be won by other buying tools or go unfilled.  Google admits that advertisers buying through networks, demand-side platforms, or other buying tools participating on Google's ad exchange win auctions when they have the highest net bid (including a net bid higher than those of advertisers using Google's buying tools). Google admits that the Bernanke program has increased Google Ads' win rate within Google's ad exchange.  Google denies the allegations in Paragraph 283 in all other respects.

284.    Google admits the existence of a program called "Bell."  Google denies the allegations in Paragraph 284 in all other respects.

285.    Google admits that an auction feature known as Global Bernanke changed Google Ads' bidding behavior to seek a given overall average margin across all AdX publishers, while allowing variation between publishers, in an effort to win more impressions for its advertiser customers.  Google denies the allegations in Paragraph 285 in all other respects.

286.    Google denies the allegations in Paragraph 286 of the Complaint.

287.    Google denies the allegations in Paragraph 287 of the Complaint.

288.    Google admits that its ad exchange supported a feature called Dynamic Revenue Share.  Google denies the allegations in Paragraph 288 in all other respects.

289.    Google admits that its ad exchange supported a feature called Dynamic Revenue Share and that, if enabled by the publisher, Dynamic Revenue Share dynamically adjusts the revenue share retained by Google's ad exchange for particular impressions to allow more bids to clear applicable price floors.  Google denies the allegations in Paragraph 289 in all other respects.

290.    Google denies the allegations in Paragraph 290 of the Complaint.

291.    Google denies the allegations in Paragraph 291 of the Complaint.

292.    Google denies the allegations in Paragraph 292 of the Complaint.

293.    Google denies the allegations in Paragraph 293 of the Complaint.

294.    Google denies the allegations in Paragraph 294 of the Complaint.

295.    Google denies the allegations in Paragraph 295 of the Complaint.

296.    Google denies the allegations in Paragraph 296 of the Complaint.

297.    Google denies the allegations in Paragraph 297 of the Complaint.

298.    Google admits that since well before header bidding became popular, DoubleClick for Publishers (and now Google Ad Manager) has limited the total number of line

items that a publisher can create to ensure the efficient operation of the ad server.  Google admits the existence of a document containing the quoted language, to which document Google refers the Court for a complete and accurate statement of its contents.  Google denies the allegations in Paragraph 298 in all other respects.

299.    Google admits the existence of a technology known as header bidding, and that header bidding was designed to allow publishers to send bid requests for their inventory to multiple exchanges and other demand sources and to evaluate the responses to such requests.  Google admits that non-Google exchanges can participate in header bidding.  Google admits that publishers, including those using Google Ad Manager, can implement header bidding by inserting code into the HTML header of their webpages and that header bidding can enable bid requests to multiple exchanges and other demand sources, with the bid selected by the header bidding code then being passed back to the publisher's ad server.  Google otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  Google denies the allegations in Paragraph 299 in all other respects.

300.    Google admits that there is an industry practice known as "waterfalling" that involves sequentially offering inventory to multiple exchanges, networks, or other sources of demand.  Google admits the existence of a technology known as header bidding, and that header bidding was designed to allow publishers to send bid requests for their inventory to multiple exchanges and other demand sources and to evaluate the responses to such requests.  Google denies the allegations in Paragraph 300 in all other respects.

301.    Google admits that Exchange Bidding was later renamed Open Bidding; that it designed Exchange Bidding to solve many of the  problems associated with header bidding; and

that it evaluated the success of the program by, among other things, comparing its adoption by publishers to publishers' adoption of header bidding.  As to the first sentence of Paragraph 301 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  To the extent the allegations in Paragraph 301 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 301 in all other respects.

302.    Google admits the existence of a document containing the quoted language, to which document Google refers the Court for a complete and accurate statement of its contents.  Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 302 and on that basis denies those allegations.  Google denies the allegations in Paragraph 302 in all other respects.

303.    Google admits it designed Exchange Bidding to solve many of the problems associated with header bidding; and that it evaluated the success of the program by, among other things, comparing its adoption by publishers to publishers' adoption of header bidding.  Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 303 and on that basis denies those allegations.  Google denies the allegations in Paragraph 303 in all other respects.

304.    Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 304 and on that basis denies those allegations.  Google denies the allegations in Paragraph 304 in all other respects.

305.    Google admits that since well before header bidding became popular, it has limited the total number of line items that a publisher can create to ensure the efficient operation

of the ad server.  Google denies the allegations in Paragraph 305 in all other respects

306.    Google denies the allegations in Paragraph 306 of the Complaint.

307.    Google admits that since well before header bidding became popular, it has limited the total number of line items that a  publisher can create to ensure the efficient operation of the ad server; that it has received requests  from time to time from publishers to increase the number of permitted line items to enable them  to better implement their preferred header bidding scheme, and has at times granted waivers.  Google admits the existence of a document containing the quoted language, to which document  Google refers the Court for a complete and accurate statement of its contents.  To the extent the allegations in Paragraph 307 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 307 in all other respects.

308.    Google admits that, beginning in 2016, it introduced a feature then known as "Exchange Bidding in Dynamic Allocation" that permitted multiple exchanges to participate in auctions within Google's services.  Google admits that since well before header bidding became popular, it has limited the total number of line items that a  publisher can create to ensure the efficient operation of the ad server; that it has received requests from time to time from publishers to increase the number of permitted line items to enable them to better implement their preferred header bidding scheme.  Google admits the existence of a document containing the quoted language, to which document Google refers the Court for a complete and accurate statement of its contents.  Google denies the  allegations in Paragraph 308 in all other respects.

309.    To the extent the third sentence of Paragraph 309 characterizes or describes documents or other sources, Google notes that such sources speak for themselves and denies any

characterization or description that is inconsistent therewith.  Google otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.   Google denies the allegations in Paragraph 307 in all other respects.

310.    Google denies the allegations in Paragraph 310 of the Complaint.

311.    Google denies the allegations in Paragraph 311 of the Complaint.

312.    Google denies the allegations in Paragraph 312 of the Complaint.

313.    Google denies the allegations in Paragraph 313 of the Complaint.

314.    Google denies the allegations in Paragraph 314 of the Complaint.

315.    Google denies the allegations in Paragraph 315 of the Complaint.

316.    Google denies the allegations in Paragraph 316 of the Complaint.

317.    Google admits the existence of a project known as Project Poirot.  Google further admits that the auction feature known internally as Project Poirot formally launched in 2017.  Google denies the allegations in Paragraph 317 in all other respects.

318.    To the extent the allegations in Paragraph 318 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 318 in all other respects.

319.    Google admits the existence of documents containing the quoted language to which documents Google refers the Court for a complete and accurate statement of their contents.  Google denies the allegations in Paragraph 319 in all other respects.

320.    Google admits the existence of documents containing the quoted language to which documents Google refers the Court for a complete and accurate statement of their

contents.  Google denies the allegations in Paragraph 320 in all other respects.

321.    Google denies the allegations in Paragraph 321 of the Complaint.

322.    Google admits the existence of Project Elmo.  Google admits that non-Google exchanges can participate in header bidding.  Google admits the existence of documents containing the quoted language to which documents Google refers the Court for a complete and accurate statement of their  contents.  Google denies the allegations in Paragraph 322 in all other respects.

323.    To the extent the allegations in Paragraph 323 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 323 in all other respects.

324.    To the extent the allegations in Paragraph 324 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 324 in all other respects.

325.    Google denies the allegations in Paragraph 325 of the Complaint.

326.    Google admits to the existence of a program called "Minimum Bid to Win." Google admits that Unified Pricing Rules were released in September 2019.  Google further admits that as a result of its pricing rules system, Unified Pricing, publishers can no longer set different price floors for different exchanges or buyers.  Google denies the allegations in Paragraph 326 in all other respects.

327.    As to the second sentence of Paragraph 327 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations

and on that basis denies those allegations.  Google denies the allegations in Paragraph 327 in all other respects.

328.    Google admits that Unified Pricing Rules were released in September 2019. Google further admits that as a result of its pricing rules system, Unified Pricing, publishers can no longer set different price floors for different exchanges or buyers.  Google denies the allegations in Paragraph 328 in all other respects.

329.    Google admits that Unified Pricing Rules were released in September 2019. Google further admits that as a result of its pricing rules system, Unified Pricing, publishers can no longer set different price floors for different exchanges or buyers.  Google denies the allegations in Paragraph 329 in all other respects.

330.    Google denies the allegations in Paragraph 330 of the Complaint.

331.    Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the second sentence of Paragraph 331 and on that basis denies those allegations.  Google denies the allegations in Paragraph 331 in all other respects.

332.    Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 332 and on that basis denies those allegations.  Google denies the allegations in Paragraph 332 in all other respects.

333.    Google denies the allegations in Paragraph 333 of the Complaint.

334.    Google understands Paragraph 334 to have been dismissed as to Plaintiffs' Search+ claim.  ECF No. 701 at 39-43; ECF No. 773 at 1.  To the extent Paragraph 334 nonetheless still requires an answer relevant to Plaintiffs' remaining claims, Google denies the allegations in Paragraph 334 of the Complaint.

335.    Google denies the allegations in Paragraph 335 of the Complaint.

336.    Google understands Paragraph 336 to have been dismissed as to Plaintiffs' Search+ claim.  ECF No. 701 at 39-43; ECF No. 773 at 1.  To the extent Paragraph 336 requires a response, Google denies the allegations in Paragraph 336 of the Complaint.

337.    Google understands Paragraph 337 to have been dismissed as to Plaintiffs' Search+ claim.  ECF No. 701 at 39-43; ECF No. 773 at 1.  To the extent Paragraph 337 requires a response, Google denies the allegations in Paragraph 337 of the Complaint.

338.    Google understands Paragraph 338 to have been dismissed as to Plaintiffs' Search+ claim.  ECF No. 701 at 39-43; ECF No. 773 at 1.  To the extent Paragraph 338 requires a response, Google denies the allegations in Paragraph 338 of the Complaint.

339.    Google understands Paragraph 339 to have been dismissed as to Plaintiffs' Search+ claim.  ECF No. 701 at 39-43; ECF No. 773 at 1.  To the extent Paragraph 339 requires a response, Google denies the allegations in Paragraph 339 of the Complaint.

340.    Google understands Paragraph 340 to have been dismissed as to Plaintiffs' Search+ claim.  ECF No. 701 at 39-43; ECF No. 773 at 1.  To the extent Paragraph 340 requires a response, Google denies the allegations in Paragraph 340 of the Complaint.

341.    Google understands Paragraph 341 to have been dismissed as to Plaintiffs' Search+ claim.  ECF No. 701 at 39-43; ECF No. 773 at 1.  To the extent Paragraph 341 requires a response, Google denies the allegations in Paragraph 341 of the Complaint.

342.    Google understands Paragraph 342 to have been dismissed as to Plaintiffs' Search+ claim.  ECF No. 701 at 39-43; ECF No. 773 at 1.  To the extent Paragraph 342 requires a response, Google denies the allegations in Paragraph 342 of the Complaint.

343.    Google understands Paragraph 343 to have been dismissed as to Plaintiffs' Search+ claim.  ECF No. 701 at 39-43; ECF No. 773 at 1.  To the extent Paragraph 343 requires

a response, Google denies the allegations in Paragraph 343 of the Complaint.

344.    Google understands Paragraph 344 to have been dismissed as to Plaintiffs' Search+ claim.  ECF No. 701 at 39-43; ECF No. 773 at 1.  To the extent Paragraph 344 requires a response, Google denies the allegations in Paragraph 344 of the Complaint.

345.    Google admits the existence of a program called "Minimum Bid to Win."  Google denies the allegations in Paragraph 345 in all other respects.

346.    Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 346 and on that basis denies those allegations.  Google denies the allegations in Paragraph 346 in all other respects.

347.    Google admits the existence of a program called "Minimum Bid to Win."  Google admits that "Minimum Bid to Win" data relate to the price an auction  participant would have had to bid to win a particular auction, and further admits that it shares such  data with bidders that submitted bids to Google Ad Manager for a given auction (including but not limited to exchanges in Google's Open Bidding program), at the conclusion of such auction.  Google denies the allegations in Paragraph 347 in all other respects.

348.    Google denies the allegations in Paragraph 348 of the Complaint.

349.    Google denies the allegations in Paragraph 349 of the Complaint.

350.    Google denies the allegations in Paragraph 350 of the Complaint.

351.    Google denies the allegations in Paragraph 351 of the Complaint.

352.    Google denies the allegations in Paragraph 352 of the Complaint.

353.    As to the second and sixth sentence of Paragraph 353 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  Google denies the allegations in Paragraph

351 in all other respects.

354.    Google denies the allegations in Paragraph 354 of the Complaint.

355.    Google understands Paragraph 355 to have been dismissed as to Publishers' allegations involving "problematic code."  ECF No. 701 at 37-39; ECF No. 773 at 1.  To the extent Paragraph 355 requires a response, Google denies the allegations in Paragraph 355 of the Complaint.

356.    Google understands Paragraph 356 to have been dismissed as to Publishers' allegations involving "problematic code."  ECF No. 701 at 37-39; ECF No. 773 at 1.  To the extent Paragraph 356 requires a response, Google denies the allegations in Paragraph 356 of the Complaint.

357.    Google understands Paragraph 357 to have been dismissed as to Publishers' allegations involving "problematic code."  ECF No. 701 at 37-39; ECF No. 773 at 1.  To the extent Paragraph 357 requires a response, Google denies the allegations in Paragraph 357 of the Complaint.

358.    Google understands Paragraph 358 to have been dismissed as to Publishers' allegations involving "problematic code."  ECF No. 701 at 37-39; ECF No. 773 at 1.  To the extent Paragraph 358 requires a response, Google denies the allegations in Paragraph 358 of the Complaint.

359.    Google denies the allegations in Paragraph 359 of the Complaint.

360.    Google denies the allegations in Paragraph 360 of the Complaint.

361.    Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 361 and on that basis denies those allegations.  Google denies the allegations in Paragraph 361 in all other respects.

362.    Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 362 and on that basis denies those allegations.  Google denies the allegations in Paragraph 362 in all other respects.

363.    Google denies the allegations in Paragraph 363 of the Complaint.

364.    Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 364 and on that basis denies those allegations.  Google denies the allegations in Paragraph 364 in all other respects.

365.    Google denies the allegations in Paragraph 365 of the Complaint.

366.    Google understands Paragraph 366 to have been dismissed as to Plaintiffs' Section 2 claims related to "problematic code," Search+, and Encrypted IDs, and as to Plaintiffs' state law claims related to "problematic code" and Search+.  ECF No. 701 at 37-44; ECF No. 773 at 1.  To the extent Paragraph 366 nonetheless still requires an answer relevant to Plaintiffs' remaining claims, Google denies the allegations in Paragraph 366 of the Complaint.

367.    Google denies the allegations in Paragraph 367 of the Complaint.

368.    Google denies the allegations in Paragraph 368 of the Complaint.

369.    To the extent the allegations in Paragraph 369 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 369 in all other respects.

370.    Paragraph 370 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google denies the allegations in Paragraph 370.

371.    Paragraph 371 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google denies the allegations in Paragraph 371.

372.    Paragraph 372 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google denies the allegations in Paragraph 372.

373.    Paragraph 373 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google denies the allegations in Paragraph 373.

374.    Google understands Paragraph 374 to have been dismissed as to Plaintiffs' Section 2 claims related to "problematic code," Search+, and Encrypted IDs, and as to Plaintiffs' state law claims related to "problematic code" and Search+.  ECF No. 701 at 37-44; ECF No. 773 at 1.  Paragraph 374 also contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google denies the allegations in Paragraph 374 of the Complaint.

375.    Paragraph 375 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google denies the allegations in Paragraph 375.

376.    Paragraph 376 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google denies the allegations in Paragraph 376.

377.    Paragraph 377 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google denies the allegations in Paragraph 377.

378.    Paragraph 378 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google denies the allegations in Paragraph 378.

379.    Google denies the allegations in Paragraph 379 of the Complaint.

380.    Google denies the allegations in Paragraph 380 of the Complaint.

381.    Google denies the allegations in Paragraph 381 of the Complaint.

382.    Google denies the allegations in Paragraph 382 of the Complaint.

383.    Google lacks knowledge or information sufficient to form a belief as to the truth

or falsity of the allegations in Paragraph 383 and on that basis denies those allegations.

384.    Google denies the allegations in Paragraph 384 of the Complaint.

385.    Google denies the allegations in Paragraph 385 of the Complaint.

386.    Google admits the existence of a document containing the quoted language, to which materials Google refers the Court for a complete and accurate statement of its contents. To the extent the allegations in Paragraph 386 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 386 in all other respects.

387.    Google denies the allegations in Paragraph 387 of the Complaint.

388.    Google denies the allegations in Paragraph 388 of the Complaint.

389.    Google denies the allegations in Paragraph 389 of the Complaint.

390.    Paragraph 390 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google denies the allegations in Paragraph 390.

391.    As to the first sentence of Paragraph 391 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  Google otherwise denies the allegations in Paragraph 391 in all other respects.

392.    Paragraph 392 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google denies the allegations in Paragraph 392.

393.    Paragraph 393 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google denies the allegations in Paragraph 393.

394.    Google understands Paragraph 394 to have been dismissed as to Plaintiffs'

Section 2 claims related to "problematic code," Search+, and Encrypted IDs. ECF No. 701 at 37-44. To the extent Paragraph 394 nonetheless still requires an answer relevant to Plaintiffs' remaining claims, Google restates its response to every allegation set forth above as if stated herein.

395. Google understands Paragraph 395 to have been dismissed as to Plaintiffs' Section 2 claims related to "problematic code," Search+, and Encrypted IDs. ECF No. 701 at 37-44. To the extent Paragraph 395 nonetheless still requires an answer relevant to Plaintiffs' remaining claims, Google denies the allegations in Paragraph 395 of the Complaint.

396. Google understands Paragraph 396 to have been dismissed as to Plaintiffs' Section 2 claims related to "problematic code," Search+, and Encrypted IDs. ECF No. 701 at 37-44. Paragraph 396 also contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Google denies the allegations in Paragraph 396 of the Complaint.

397. Google understands Paragraph 397 to have been dismissed as to Plaintiffs' Section 2 claims related to "problematic code," Search+, and Encrypted IDs. ECF No. 701 at 37-44. Paragraph 397 also contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Google denies the allegations in Paragraph 397 of the Complaint.

398. Google understands Paragraph 398 to have been dismissed as to Plaintiffs' Section 2 claims related to "problematic code," Search+, and Encrypted IDs. ECF No. 701 at 37-44. To the extent Paragraph 398 nonetheless still requires an answer relevant to Plaintiffs' remaining claims, Google denies the allegations in Paragraph 398 of the Complaint.

399. Google understands Paragraph 399 to have been dismissed as to Plaintiffs'

Section 2 claims related to "problematic code," Search+, and Encrypted IDs. ECF No. 701 at 37-44. Paragraph 399 also contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Google denies the allegations in Paragraph 399 of the Complaint.

400.    Google understands Paragraph 400 to have been dismissed as to Plaintiffs' Section 2 claims related to "problematic code," Search+, and Encrypted IDs. ECF No. 701 at 37-44. Paragraph 400 also contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Google denies the allegations in Paragraph 400 of the Complaint.

401.    Google understands Paragraph 401 to have been dismissed as to Plaintiffs' Section 2 claims related to "problematic code," Search+, and Encrypted IDs. ECF No. 701 at 37-44. To the extent Paragraph 401 nonetheless still requires an answer relevant to Plaintiffs' remaining claims, Google denies the allegations in Paragraph 401 of the Complaint.

402.    Google understands Paragraph 402 to have been dismissed as to Plaintiffs' Section 2 claims related to "problematic code," Search+, and Encrypted IDs. ECF No. 701 at 37-44. To the extent Paragraph 402 requires a response, Google denies the allegations in Paragraph 402 of the Complaint.

403.    Google understands Paragraph 403 to have been dismissed as to Plaintiffs' Section 2 claims related to "problematic code," Search+, and Encrypted IDs. ECF No. 701 at 37-44. Paragraph 403 also contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Google denies the allegations in Paragraph 403 of the Complaint.

404.    Google understands Paragraph 404 to have been dismissed as to Plaintiffs'

Section 2 claims related to "problematic code," Search+, and Encrypted IDs. ECF No. 701 at 37-44. To the extent Paragraph 404 nonetheless still requires an answer relevant to Plaintiffs' remaining claims, Google restates its response to every allegation set forth above as if stated herein.

405. Google understands Paragraph 405 to have been dismissed as to Plaintiffs' Section 2 claims related to "problematic code," Search+, and Encrypted IDs. ECF No. 701 at 37-44. Paragraph 405 also contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Google denies the allegations in Paragraph 405 of the Complaint.

406. Google understands Paragraph 406 to have been dismissed as to Plaintiffs' Section 2 claims related to "problematic code," Search+, and Encrypted IDs. ECF No. 701 at 37-44. Paragraph 406 also contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Google denies the allegations in Paragraph 406 of the Complaint.

407. Google understands Paragraph 407 to have been dismissed as to Plaintiffs' Section 2 claims related to "problematic code," Search+, and Encrypted IDs. ECF No. 701 at 37-44. To the extent Paragraph 407 nonetheless still requires an answer relevant to Plaintiffs' remaining claims, Google denies the allegations in Paragraph 407 of the Complaint.

408. Google understands Paragraph 408 to have been dismissed as to Plaintiffs' Section 2 claims related to "problematic code," Search+, and Encrypted IDs. ECF No. 701 at 37-44. To the extent Paragraph 408 nonetheless still requires an answer relevant to Plaintiffs' remaining claims, Google denies the allegations in Paragraph 408 of the Complaint.

409. Google understands Paragraph 409 to have been dismissed as to Plaintiffs'

Section 2 claims related to "problematic code," Search+, and Encrypted IDs. ECF No. 701 at 37-44. To the extent Paragraph 409 nonetheless still requires an answer relevant to Plaintiffs' remaining claims, Google denies the allegations in Paragraph 407 of the Complaint.

410.    Google understands Paragraph 410 to have been dismissed as to Plaintiffs' state law claims related to "problematic code" and Search+. ECF No. 773 at 1. To the extent a response is deemed necessary, Google restates its response to every allegation set forth above as if stated herein.

411.    Google understands Paragraph 411 to have been dismissed as to Plaintiffs' state law claims related to "problematic code" and Search+. ECF No. 773 at 1. Paragraph 411 also contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Google denies the allegations in Paragraph 411 of the Complaint.

412.    Google understands Paragraph 412 to have been dismissed as to Plaintiffs' state law claims related to "problematic code" and Search+. ECF No. 773 at 1. Paragraph 412 also contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Google denies the allegations in Paragraph 412 of the Complaint.

413.    Google understands Paragraph 413 to have been dismissed as to Plaintiffs' state law claims related to "problematic code" and Search+. ECF No. 773 at 1. Paragraph 413 also contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Google denies the allegations in Paragraph 413 of the Complaint.

414.    Google understands Paragraph 414 to have been dismissed as to Plaintiffs' state law claims related to "problematic code" and Search+. ECF No. 773 at 1. Paragraph 414 also contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Google denies the allegations in Paragraph 414 of the Complaint.

415.    Google understands Paragraph 415 to have been dismissed as to Plaintiffs' state law claims related to "problematic code" and Search+.  ECF No. 773 at 1.  To the extent a response is required, Google restates its response to every allegation set forth above as if stated herein.

416.    Google understands Paragraph 416 to have been dismissed as to Plaintiffs' state law claims related to "problematic code" and Search+.  ECF No. 773 at 1.  Paragraph 416 also contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google denies the allegations in Paragraph 416 of the Complaint.

417.    Google understands Paragraph 417 to have been dismissed as to Plaintiffs' state law claims related to "problematic code" and Search+.  ECF No. 773 at 1.  Paragraph 417 also contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google denies the allegations in Paragraph 417 of the Complaint.

418.    Google understands Paragraph 418 to have been dismissed as to Plaintiffs' state law claims related to "problematic code" and Search+.  ECF No. 773 at 1.  Paragraph 418 also contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google denies the allegations in Paragraph 418 of the Complaint.

419.    Google denies the allegations in Paragraph 419 of the Complaint.

420.    Google denies the allegations in Paragraph 420 of the Complaint.

421.    Google understands Paragraph 421 to have been dismissed as to Plaintiffs' state law claims related to "problematic code" and Search+.  ECF No. 773 at 1.  Paragraph 421 also contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google denies the allegations in Paragraph 421 of the Complaint.

422.    Google understands Paragraph 422 to have been dismissed as to Plaintiffs' state

law claims related to "problematic code" and Search+. ECF No. 773 at 1. Paragraph 422 also contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Google denies the allegations in Paragraph 422 of the Complaint.

423.    Google understands Paragraph 423 to have been dismissed as to Plaintiffs' state law claims related to "problematic code" and Search+. ECF No. 773 at 1. To the extent a response is deemed necessary, Google denies the allegations in Paragraph 423 of the Complaint.

424.    Paragraph 424 sets forth the relief sought by the Plaintiffs, to which no response is required. To the extent a response is deemed necessary, Google denies the allegations contained in Paragraph 424 and denies that Plaintiffs are entitled to any of the remedies or relief sought in the Complaint.

425.    Paragraph 425 sets forth the relief sought by the Plaintiffs, to which no response is required. To the extent a response is deemed necessary, Google denies the allegations contained in Paragraph 425 and denies that Plaintiffs are entitled to any of the remedies or relief sought in the Complaint.

426.    No response is required to Plaintiffs' Jury Demand.

.

## ADDITIONAL DEFENSES

Without assuming any burden that it would not otherwise bear, Google asserts the following defenses to the Complaint. By designating these defenses, Google does not intend to suggest either that Plaintiffs do not bear the burden of proof as to such matters or that such matters are not elements of Plaintiffs' prima facie case against Google—or that Google bears the burden of proof as to such matters. Further, Google reserves all affirmative defenses under Federal Rule of Civil Procedure 8(c) and any additional defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

### First Defense

Plaintiffs' claims are barred, in whole or in part, because the Complaint fails to state a claim upon which relief can be granted.

### Second Defense

The relief sought by Plaintiffs would be contrary to the public interest, harm consumers and businesses, and is otherwise inequitable, impractical, and unworkable.

### Third Defense

Plaintiffs' claims are barred, in whole or in part, because the Complaint fails to allege any legally cognizable relevant product or geographic market.

### Fourth Defense

Google has never had, and is unlikely to obtain, monopoly power in any properly defined relevant market for advertising services.

**Fifth Defense**

Google's conduct alleged by Plaintiffs in the Complaint was lawful, justified, procompetitive, and carried out in Google's legitimate business interests and constitutes bona fide competitive activity, the benefits of which significantly outweigh any alleged anticompetitive effects.

**Sixth Defense**

The Plaintiffs' claims are barred, in whole or in part, for failure to allege any plausible harm to competition or consumers.

**Seventh Defense**

The Plaintiffs' claims are barred, in whole or in part, because the Complaint fails to allege a cognizable antitrust injury.

**Eighth Defense**

The Plaintiffs are not entitled to injunctive relief on conduct that occurred solely in the past.

**Ninth Defense**

To the extent that Plaintiffs seek recovery of civil penalties, those civil penalties are limited by the applicable state statutes, the due process clause of the U.S. and applicable state Constitutions and, in addition, they must have a reasonable relation to the actual harm established.

**Tenth Defense**

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations and/or by the doctrine of laches.

**Eleventh Defense**

Plaintiffs' alleged damages were not legally caused by Google.

**Twelfth Defense**

Plaintiffs have failed to mitigate any alleged damages.

**Thirteenth Defense**

Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver.

**Fourteenth Defense**

Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

**Fifteenth Defense**

Plaintiffs' claims are barred because Plaintiffs did not suffer any legally cognizable injury or damages as a result of Google's conduct.

**Sixteenth Defense**

To the extent Plaintiffs seek relief on behalf of parties other than natural persons who are direct purchasers, Plaintiffs' claims are barred in whole or in part because Plaintiffs lack standing to do so.

**Seventeenth Defense**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' contractual agreements with Google include a provision which provides that disputes will be resolved through arbitration.

**Eighteenth Defense**

Plaintiffs' claims are barred, in whole or in part, because they were relinquished by Plaintiffs through contract with Google.

**Nineteenth Defense**

Plaintiffs' claims are barred, in whole or in part, because they are subsumed within the parens patriae claims asserted in the case captioned *The State of Texas, et al. v. Google, LLC* that

is pending in the U.S. District Court for the Eastern District of Texas under docket number 4:20-cv-00957-SDJ.

## Twentieth Defense

Plaintiffs' claims are barred, in whole or in part, because Google's Terms of Service include a choice-of-law provision, which provides that "California law will govern all disputes arising out of or relating to these terms, service-specific additional terms, or any related services, regardless of conflict of laws rules."

Google reserves the right to supplement its Answer and affirmative and additional defenses with other defenses that become available or apparent in the course of investigation, preparation, and/or discovery, and to amend its Answer accordingly.

## DEMAND FOR JURY TRIAL

In accordance with the Federal Rule of Civil Procedure 38(b), Google demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Google prays for relief as follows:

(a) That the Complaint against Google be dismissed in its entirety, with prejudice;

(b) That Google be awarded its attorneys' fees and costs and expenses of the suit; and

(c) That the Court award such other and further relief to Google as the Court deems just and proper.

Dated: October 13, 2025

Respectfully Submitted,

*/s/ Justina Sessions*
Justina K. Sessions
FRESHFIELDS US LLP
855 Main Street
Redwood City, CA 94063
Telephone: (650) 618-9250
Fax: (650) 461-8276
justina.sessions@freshfields.com

Eric Mahr
Andrew J. Ewalt
FRESHFIELDS US LLP
700 13th Street NW, 10th Floor
Washington, DC 20005
Telephone: (202) 777-4500
Fax: (202) 777-4555
eric.mahr@freshfields.com
andrew.ewalt@freshfields.com

Craig M. Reiser
AXINN, VELTROP & HARKRIDER LLP
630 Fifth Avenue, 33rd Floor
New York, New York 10111
Telephone: (212) 728-2200
Email: creiser@axinn.com

Daniel S. Bitton
AXINN, VELTROP & HARKRIDER LLP
55 Second Street
San Francisco, CA 94105
Telephone: (415) 490-2000
Email: dbitton@axinn.com

Bradley Justus
AXINN, VELTROP & HARKRIDER LLP
1901 L Street NW
Washington, DC 20036
Telephone: (202) 912-4700
Email: bjustus@axinn.com

*Counsel for Defendants Google LLC,*
*Alphabet Inc., and YouTube LLC*